### A. J. BLAKE v. THOMAS SMITH.

(Filed 15 October, 1913.)

**Interpretation of Statutes—Instructions—Appeal and Error.**

> The trial judge is ordinarily required to charge the jury to the extent of stating in a plain and correct manner the evidence given in the case, and to declare and explain the law arising· thereon, except where the facts are few and simple and no principles of law are involved, and he is not requested to charge, Revisal, sec. 535; and in this case it is held for reversible error, there being much conflicting evidence, for the judge to. instruct the jury to "take the case and settle it as between man and man," without charging on the different aspects of the case in accordance with the statute.

APPEAL by defendant from *Carter, J.,* at April Term, 1913, of WAKE.

Appeal from justice's court. Verdict and judgment for the plaintiff. The defendant appealed.

*No counsel for plaintiff.*
*B. C. Beckwith for defendant.*

BROWN, J. This is a controversy over $14.88, ·the value of a hog.

The plaintiff and defendant introduced much evidence tending to prove the ownership and value of the hog. Defendant seems to have relied upon an estoppel. The ·case on appeal states that "His Honor did not charge the jury. He simply

said: 'Take the case, gentlemen, and settle it as between man and man.' " This constitutes one of the defendant's assignments of error.

In this State the trial judge is required to charge the jury to the extent of stating in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon (Revisal, sec. 535), except where the facts are few and simple and no principle of law is involved, and he is not requested to charge. *Holly v. Holly,* 94 N. C., 96.

The manner in which the judge is to state the law and evidence for the assistance of the jury must necessarily be left to a great extent to his sound discretion and good sense, but he must charge on the different aspects presented by the evidence, and give the law applicable thereto. *S. v. Rippey,* 104 N. C., 756; *Matthews' case,* 78 N. C., 537. For this error there must be a

New trial.