The action was to recover damages for physical injuries suffered by plaintiff, a minor, when in the company's factory as an employee, contrary to the provisions of the statute (Pell's Revisal, sec. 1981b), and attributed also to positive negligence on the part of defendant.
On denial of liability and plea of contributory negligence, the jury rendered the following verdict:
1. Was the plaintiff, at the time of his alleged injury, under 13 years of age, as alleged in the complaint? Answer: Yes.
2. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.
3. Did the plaintiff, injured by his own negligence, contribute to his injury, as alleged in the answer? Answer: Yes.
4. What damage, if any, is the plaintiff entitled to recover? Answer: Nothing.
Judgment on the verdict for plaintiff, and defendant appealed, assigning for error the charge of his Honor on the question of contributory negligence, as follows:
"If you find from the evidence that the plaintiff was forbidden by Dorse, as the servant of defendant, to swing from the safety-rod on the elevator, and that he intentionally or knowingly disobeyed the order and attempted to catch hold of the safety-rod while the elevator was in motion, and fell, and was thereby injured, you will find that the plaintiff was negligent. And if you further find that he would not have been injured if he had not disobeyed the instructions, then, nothing else appearing, his disobedience of orders would be deemed to be the proximate cause of his injury, and in that event you would answer the third issue `Yes.'" *Page 500 
It was admitted on the hearing that the plaintiff, at the time he was injured, was not serving in the capacity of apprentice, and this being true, it is established by the verdict that plaintiff has been injured by the negligence of defendant company when he was at their factory as an employee, contrary to the provisions of our statute law (Pell's Revisal, sec. 1981b), and that recovery has been denied on the ground of contributory negligence.
It is recognized with us that the defense of contributory negligence, in proper instances, may be available in these cases, but it is also clearly held that the presumption is against it, and that where a minor is injured when serving as an employee contrary to (465) the provisions of the statute, the court should instruct the jury, in this or some equivalent terms, that the evidence should be considered and the issue determined in view of such presumption.Pettit v. R. R., 156 N.C. 119-127; Leathers v. TobaccoCo., 144 N.C. 330; Rolin v. Tobacco Co., 141 N.C. 300.
In Leathers' case, supra, it was directly held: "That, under the age prohibited by the statute, the presumption is that the child injured while working in a factory or manufacturing establishment is incapable of contributory negligence, subject to be overcome by evidence in rebuttal under proper instructions from the court." And in Rolin's case, on this subject: "A child under 12 years of age is presumed to be incapable of so understanding and appreciating dangers from the negligent act, or conditions produced by others, as to make him guilty of contributory negligence. Contributory negligence on the part of a child is to be measured by his age and his ability to discern and appreciate the circumstances of danger. He is not chargeable with the same degree of care as an experienced adult, but is only required to exercise such prudence as one of his age may be expected to possess; and this is usually, if not always, when the child is not wholly irresponsible, a question of fact for the jury."
And in the case of Pettit v. R. R., supra, Associate Justice Allen gives a full and careful synopsis of several decisions of the Court on the subject, including Starnes v. Mfg. Co., 147 N.C. 563, and others, and closes with the statement relevant to this question: "That in addition to the usual presumption against contributory negligence, there is a presumption that the child has not the capacity to appreciate the danger of his employment, but this presumption may be rebutted."
From a persual of these decisions it will appear that a presumption against contributory negligence in cases of this character is *Page 501 
recognized with us as an essential feature of the doctrine of contributory negligence, and a charge, therefore, which fails to make any reference to it, but instructs the jury just as in cases of adults, should be held for reversible error.
It is not a mere omission in reference to a "subordinate feature of the cause, or some particular phase of the testimony," but is to be considered as a "substantial defect," which may be raised by an exception properly entered and requiring that the issue be submitted to another jury.
The general position applicable has been stated in the recent case of S. v. Merrick, 171 N.C. 788-795, as follows: "And, further, the authorities are as one in holding that, both in criminal and civil causes, a judge in his charge to the jury should present every substantial and essential feature of the case embraced within the issue and arising on the evidence, and this without any special prayer for instructions to that effect. Charged with the duty (466) of seeing that impartial right is administered, it is a requirement naturally incident to the great office he holds, and made imperative with us by statute law. Revisal, 535: `He shall state in a plain and correct manner the evidence in the case, and explain the law arising thereon,' and a failure to do so, when properly presented, shall be held for error. When a judge has done this, charged generally on the essential features of the case, if a litigant desires that some subordinate feature of the cause or some particular phase of the testimony shall be more fully explained, he should call the attention of the court to it, by prayers for instructions or other proper procedure; but, as stated, the judge is required to give correct charge concerning it," citing S. v. Foster, 130 N.C. 666; S. v. Barham,82 Mo. 67; Carleton v. State, 43 Neb. 373; Simmons v. Davenport,140 N.C. 407.
For the error indicated, the plaintiff is entitled to a new trial, and it is so ordered.
New trial.