J. C. COLE ET AL. v. T. F. BOYD ET AL.

(Filed 24 April, 1918.)

1. **Mortgages—Purchases by Mortgagee—Fraud—Presumptions—Burden of Proof—Issues—Pleadings.**

    Where the mortgagee takes by absolute deed a part of the mortgaged land from his mortgagor, fraud or duress is prima facie presumed, and in the latter's suit to redeem, the mortgagee must allege and show that he paid full price and without oppression, and upon his failure to do so, no issue as to such matter is raised.

2. **Mortgages — Purchase by Mortgagee — Registration — Vendor of Mortgagee.**

    A purchaser for full value after registration of the mortgage from a mortgagee who has since taken an absolute deed from his mortgagor, acquires no superior right to the land than his grantee had.

3. **Mortgages—Mortgagee—Outstanding Title—Additional Security.**

    An outstanding title to lands afterwards acquired by the mortgagee is only an additional security to the mortgage debt.

4. **Appeal and Error—Objections and Exceptions—Briefs.**

    Exceptions in the record not set out in appellee's brief, or in support of which no reason or argument is stated or authorities cited, will be taken as abandoned by him on appeal to the Supreme Court. Rule 34.

**5. Instructions—Evidence—Peremptory—Appeal and Error.**

> An instruction based upon the findings of the jury upon unconflicting
> evidence is not objectionable as peremptory.                    •

APPEAL by defendants from *Long, J.,* at September Term, 1917, of
RICHMOND.

The plaintiffs, as the jury find, are the heirs at law of Tony Cole,
who died intestate in December, 1906, seized and possessed of a tract
of 185 acres near Hamlet, N. C., which he had mortgaged in sundry
mortgages to the defendant Boyd. While this relation of mortgagor and
mortgagee existed, Boyd obtained a fee-simple deed from Cole for 100
acres of the land covered by the mortgages. Boyd sold 10 acres of the
land which he held under mortgage from Cole to his codefendant, Gor-
don, who purchased from mortgagee with notice of the mortgage. These
facts are admitted in the answer by the defendants.

The court submitted four issues, the first two of which were whether
the plaintiffs were the heirs at law of Tony Cole, to which the jury
responded "Yes." The court submitted also these issues:

3. Did the defendant Gordon purchase the 10-acre tract described in
the complaint with notice that the defendant Boyd was mortgagee of
said land from Tony Cole, as alleged in the complaint?

4. Did the relation of mortgagor and mortgagee exist between Tony
Cole and the defendant T. F. Boyd from 12 February, 1902, to the
death of Tony Cole in December, 1906, as alleged in the complaint?

To both of these issues the jury also responded "Yes." Upon said ver-
dict the court adjudged that the plaintiffs were entitled to possession of
the land upon payment of the amount due upon said mortgage and
referred the case to Fred W. Bynum, Esq., referee, to state an account
of the balance due on said mortgage and to employ a competent sur-
veyor to make a plat of the land embraced in said mortgages, with the
boundaries thereof, and upon the confirmation of said report and the
payment of the amount ascertained to be due thereon, the defendants
should reconvey said property to the plaintiffs, heirs at law of the mort-
gagor. From said judgment the defendants appealed.

*Manning & Kitchin and Walter R. Jones for plaintiffs.*
*Morrison & Dockery and E. A. Harrill for defendants.*

CLARK, C. J. The brief of the defendants states as follows: "The
court submitted certain issues to the jury with reference to the relation-
ship of the plaintiffs to their alleged intestate, and gave instructions
to the jury thereon. We will not discuss any of these rulings assigned
as errors, because the case is necessarily disposed of, in our opinion, by
the errors assigned upon the third and fourth issues submitted to the

jury." The brief thereupon sets out issue 3, whether the defendant Gordon purchased the 10-acre tract described in the complaint with notice that the defendant Boyd was mortgagee of said land from Tony Cole, as alleged in the complaint, contending that said issue was not sufficient to dispose of the case.

The brief further sets out the fourth issue: "Did the relation of mortgagor and mortgagee exist between Tony Cole and the defendant Boyd from 12 February, 1902, to the death of Tony Cole in December, 1906, as alleged in the complaint?"

The defendants objected to the submission of the foregoing issue and assigned it as error, but assign no reason for the objection to either issue. In the brief, they contend that the purchase of land by a mortgagee from his mortgagor is not void as a matter of law, and that a deed from a mortgagee to a third party for land purchased from his mortgagor is not invalid, because the mortgage was upon record at the time the mortgagee executed the deed to such third party.

The brief further states that "there are many exceptions and assignments of error, none of which the defendants desire to abandon; but after full reflection, we think the case may be disposed of upon the sufficiency of the issues submitted and instructions to the court."

The brief submits no argument or authorities upon any other proposition. Rule 34 of this Court provides: "Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated, or authorities cited, will be taken as abandoned by him." This has been often cited and upheld by the Court.

The jury have found that the plaintiffs were heirs at law of Tony Cole, the deceased mortgagor. It is admitted that Boyd was mortgagee, and that while such mortgagee he bought the land in question from the mortgagor, taking a conveyance therefor, and that he conveyed 10 acres thereof to his codefendant Gordon, who took said conveyance with the mortgage at the time on record. It is not denied that the mortgage has never been canceled.

If the defendants desired any further or different issues submitted, or any other instructions than those given, it was their duty to have so asked the court.

As the case stands, upon the ground chosen by the defendants in the brief, the controversy practically presents the question whether, when a mortgagee takes a conveyance of the mortgaged property from the mortgagor, the burden is upon the defendants to allege and prove that he bought for full value and without any influence or oppression exercised against the mortgagor.

The answer does not allege that Boyd bought of the mortgagor for full value and without fraud or oppression, and he having tendered no

issue to that effect the judgment of the court directing a statement of the account and a reconveyance by the mortgagee upon the payment of the balance found to be due on the mortgage debt is correct, the amount paid for such conveyance being simply a credit to be entered upon the debt.

It is well settled that when a mortgagee purchases the equity of redemption or takes in an outstanding title, the defendant holds the title as additional security for any indebtedness secured by the mortgage.

When the mortgage is admitted or shown, the burden is upon the mortgagee to allege and to show that he took a conveyance of the land from the mortgagor for full value, and that there was no oppression or undue influence. In such case, "Once a mortgage always a mortgage" applies, and as the mortgagor is "in chains" the court will not throw upon him the burden of proving that the transaction was inequitable, but the burden is upon the mortgagee to allege and show that the purchase was for full value, and that no advantage was taken of the mortgagor.

The exceptions not discussed in the appellant's brief are deemed waived. The appellants' brief rest their defense entirely upon "the errors assigned" upon the third and fourth issues.

The contention of the defendant is that while the purchase of land by a mortgagee is prima facie evidence of duress or fraud, that the Court has never held that such deed is void except when the mortgagee buys the property at public sale. This is not controverted, but the burden was upon the defendant to rebut the presumption by showing the transaction was free from fraud or oppression, and that the price paid was fair and reasonable. *McLeod v. Bullard,* 86 N. C., 210; *Jones v. Pullen,* 115 N. C., 471.

But for the denial in the pleadings that the plaintiffs were the heirs of Tony Cole, the court might well have ordered the reference to state the account. The plea that Boyd claimed under the Phillips' deed could not avail the defendants in view of the admission that Boyd was mortgagee at the time he took said deed.

The mortgage of record includes the 10 acres sold to Gordon. Boyd testified that there was a balance due him on the mortgaged debt and the registration was notice to Gordon. *Ijames v. Gaither,* 93 N. C., 358; *Harper v. Edwards,* 115 N. C., 246. He took the land in the same plight and condition as Boyd held it. It was not discharged from the lien of the mortgage and he acquired no better title than Boyd possessed.

The conveyance from the mortgagor to the mortgagee was not void, but the burden was upon the defendants to show that the price paid was fair and reasonable and that the transaction was free from fraud or oppression. In *McLeod v. Bullard,* 86 N. C., 210, *Smith, C. J.,* held

that when the mortgagor conveys his equity of redemption to the mortgagee but later brings an action to state an account and to cancel the deed, the burden of proof is upon the mortgagee to show by evidence other than the deed itself that the transaction was fair; that he paid full value in order to rebut the presumption of law that the conveyance was fraudulent—a mortgagee being included in the class of trustees to whose dealing with their *cestuis que trustent* the presumption is applied.

This case has often been cited since. In one of them, *Jones v. Pullen,* 115 N. C., 472, the Court held: "Where a mortgagee with power of sale deals directly with the mortgagor and purchases from him the equity of redemption, there is by reason of the trust relation a presumption of fraud which, as decided in *McLeod v. Bullard, supra,* may be rebutted by showing the transaction was free from fraud or oppression and that the price paid was fair and reasonable, in which case the mortgagor can not avoid the sale." The opinion in this case is by *Shepherd, C. J.,* and is like that in *McLeod v. Bullard,* a very full and complete discussion of the subject, saying: "This is an inflexible rule and not because there is but because there *may be* fraud."

The mortgage in this case contained a power of sale, if that made any difference. The mortgagee dealt directly with the mortgagor and took a conveyance of the land, *i. e.,* he bought the equity of redemption. In *Cauley v. Sutton,* 150 N. C., 327, *Walker, J.,* says: "We have held that if the mortgagee pays off an encumbrance or buys any outstanding title superior to his own, he can not hold it for his own benefit, but the act inures to the benefit of him for whom he holds as trustee." And further: "If he buys at a sale made in a prior mortgage, he does not acquire the title for his own personal benefit, but merely removes an encumbrance and the charge of it as a prior lien, upon the property itself; and this is so because he cannot take advantage of his position to the injury of those whose interests are committed to his protection. *Taylor v. Heggie,* 83 N. C., 244." To the same purport, *McLeod v. Bullard,* 86 N. C., 210, approving on rehearing *S. c.,* 84 N. C., 516, which held "Where a mortgagee buys the equity of redemption, the law presumes fraud and the burden is on the mortgagee to show the *bona fides* of the transaction."

The burden of proof was upon the defendants, and they did not tender any other issues. Nor did they object to the issues tendered, nor did they assign any error in the submission of the third and fourth issues except as follows: "The defendants objected to the tender of the third and fourth issues. Objection overruled and defendants except." In their brief the defendants as a matter of argument contend that the third issue is not sufficient to dispose of the case and that the fourth issue was erroneous because the purchase by Gordon from Boyd was not void because the mortgage was on record.

However, as we have seen, the third issue was sufficient to dispose of the case unless the defendants averred and proved to the satisfaction of the jury that the purchase was for full value and without fraud and oppression and they should have tendered an issue to that effect.  The answer does allege that the land was conveyed to Gordon by Boyd for fair value.  But there is no allegation that the conveyance from Cole to Boyd was for full and fair value and without fraud and oppression. Upon the pleadings the issues submitted were those which arose upon the pleadings.

The instruction given by the court was not as contended by the defendants a peremptory instruction, but is as follows:  "The jury is instructed that the relation of mortgagor and mortgagee is one of trust and confidence; that the mortgagee is trustee; that when a mortgagee buys a superior or paramount outstanding title—outstanding in some one else—he buys and holds the same for the benefit of the mortgagor and holds such title as trustee.  And the court therefore instructs the jury that the purchase of the title of Robert Phillips by T. F. Boyd on 14 May, 1906, the relation of mortgagor and mortgagee then existing between T. F. Boyd and Tony Cole, then the purchase of such title inured to the benefit of Tony Cole, and T. F. Boyd still continued the trustee of Tony Cole for the said property and such of it as was not sold by both of them.  Gentlemen, that is the law as I understand it. It has been the law all the time and I give you that instruction.  I believe I have stated to you that the burden is on the plaintiff to satisfy you by the greater weight of the evidence and you will understand that it is only as to the fourth issue that upon all the evidence if you believe it, you will answer the issue 'Yes.' "  This issue was as to whether the relation of mortgagor and mortgagee existed between Boyd and Cole down to the death of the latter.

As to the third issue, the court instructed the jury:  "If you believe all the evidence in the case and find the Gordon tract, as it is called, is included within the mortgage deed made by Cole to Boyd, then you will answer that issue 'Yes,' because registration of the deed would be notice to Gordon and everybody else as to what it purports to convey."

Upon consideration of all the exceptions, we find

No error.