ANDERSON JONES v. A. F. WILLIAMS ET ALS.

(Filed 16 October, 1918.)

**1. Mortgages—Lands—Purchase by Mortgagee—Burden of Proof—Evidence —Verdict Directing.**

The burden of proof is upon the mortgagee, in his action to recover lands, to show that his purchase from the mortgagor of a part of the lands covered by the mortgage, by other evidence than his deed, was fair, free from oppression, and that he had paid for the land what it was reasonably worth; and where he has failed to introduce such evidence, an answer to the appropriate issue is properly directed in the mortgagor's favor.

**2. Appeal and Error—Costs—Prejudicial Error.**

The appellant cannot reasonably complain, on appeal, that he has been taxed with a part of the costs, when on the trial the principle issue has been decided against him.

ACTION tried before *Calvert, J.,* at March Term, 1918, of DUPLIN, upon these issues:

1. In what amount, if any, is the defendant Rufus Branch indebted to the plaintiff, Anderson Jones? Answer: $529.50, with interest from 23 December, 1901, and subject to a credit of $38.50 as of 16 January, 1902.

2. In what amount, if any, is defendant Rufus Branch and wife indebted to A. F. Williams, assignee of E. J. Martin & Sons, on account of the notes and mortgages sued on? Answer: $250 and interest from 16 January, 1902, with a credit of $13.91, 3 December, 1902.

3. Was the sale of the 46 acres of land, made by Rufus Branch and wife to Anderson Jones on 23 December, 1901, open, fair, *bona fide,* and made for a fair consideration? Answer: No.

4. What is the fair annual rental value of the said tract of 46 acres of land since 23 December, 1901? Answer: $35 annually.

5. What is the fair rental value annually of the 109 acres of land since December, 1904? Answer: $100 annually.

The court rendered a judgment decreeing a sale of the land and adjudging the rights of the parties, to which plaintiff excepted and appealed.

*Stevens & Beasley for palintiff.*
*H. D. Williams for defendant A. F. Williams.*
*Henry E. Faison for defendant Branch.*

BROWN, J. This case was before us at a former term, and is reported 155 N. C., 179, where all the facts are fully stated in the opinion of *Justice Walker.*

At March Term, 1918, the case was tried before a jury upon issues arising upon exceptions to referee's report.

The plaintiff assigns error in refusing to submit the following issue: "Was the sale of the 46 acres of land, made by Rufus Branch and wife to Anderson Jones on 23 December, 1901, open, fair, *bona fide,* and made for a fair consideration?" We are unable to distinguish between the proposed issue and the one submitted as No. 3 and found against plaintiff.

The plaintiff requested the court to instruct the jury as follows:

"It being admitted that on 23 November, 1901, Rufus Branch and wife, Christianna Branch, reconveyed to Anderson Jones 46 acres of the 245-acre tract, at which time Anderson Jones held a mortgage upon the whole tract, and the relation of mortgagor and mortgagee existed between them; that on account of this relation the law presumes that the transaction was fraudulent; but if the jury shall find from the evidence that the transaction was free from fraud or oppression, and that the price paid for the land, under all the circumstances, was fair and reasonable, then the presumption of fraud raised by the law is rebutted, and the sale and conveyance of the 46 acres of land would be valid, and the defendants would have no right to set the same aside upon this ground."

This instruction is undoubtedly a clear and correct statement of the law applicable to the third issue; but we find no evidence in the record to support it. The plaintiff was the mortgagee, who purchased the 46 acres from his mortgagor.

The law put the burden of proof upon the plaintiff to show by other evidence than the deed itself that the transaction was fair and free from oppression, and that he paid for the land what it was really worth. *Jones v. Pullen,* 115 N. C., 465; *McLeod v. Bullard,* 86 N. C., 210.

We find no evidence in the record tending to show these necessary facts. The court was therefore justified in instructing the jury to answer the third issue "No."

We find no error in the judgment rendered by the court upon the issues.

The court taxed Anderson Jones with one-fifth of the costs, to which he excepts. As the principal issue raised was decided against him, we see no reason for complaint on his part that he was taxed with only a fifth of the costs.

No error.