W. J. HARRELSON ET AL. v. E. J. COX ET AL.

(Filed 28 January, 1935.)

**Mortgages F c—**

A complaint alleging that a mortgagee in possession by fraud and arti-
fice procured the mortgagors to deed him their equity of redemption is
good as against a demurrer unaffected of admissions made by counsel
in response to interrogation by the court.

APPEAL by plaintiffs from *Cranmer, J.,* at April Term, 1934, of
BLADEN.

Civil action in ejectment, for an accounting, and to remove cloud from
title.

The complaint alleges:

1. That on 1 May, 1922, the plaintiffs executed to E. J. Cox a mort-
gage on their eighteen acres of land situate in Bladen County, to secure
payment of their certain indebtedness to him.

2. That on 1 November, 1923, the said E. J. Cox, mortgagee, agreed
to take over said lands, and out of the crops to pay taxes, dues to the
Federal Land Bank, etc., and to restore possession of said premises at
the end of five years free and clear of all encumbrances.

3. That thereafter, on 1 December, 1923, by artifice, fraud, etc., the
said E. J. Cox forced the plaintiffs against their will to execute deed
for said premises to himself and wife.

4. That on 5 December, 1925, with intent to cheat and deprive the
plaintiffs of their equity of redemption in said lands, the said E. J. Cox
and wife, with full knowledge and ulterior design, attempted to sell the
same to their codefendant, L. R. Hayes;

Wherefore, plaintiffs pray for relief:

The following judgment was entered: "It appearing to the court upon the reading of the pleadings and admissions of counsel in response to questions by the court that the plaintiff has not pleaded facts sufficient to constitute a cause of action, and that the plaintiff is not entitled to recover of the defendants, or either of them;

"It is now, on motion . . . ordered and adjudged that . . . this action be and the same is hereby dismissed."

Plaintiffs appeal, assigning errors.

*A. M. Moore for plaintiffs.*
*Hector H. Clark for defendants Cox.*
*R. J. Hester, Jr., and Oliver Carter, Jr., for defendant Hayes.*

STACY, C. J. We think there was error in dismissing the action as upon demurrer to the complaint. Where a mortgagee takes from his mortgagor a deed for the mortgaged premises, under circumstances such as here alleged, the transaction is open to investigation, with the burden of fairness upon the mortgagee. *Hinton v. West, post,* 708; *Jones v. Williams,* 176 N. C., 245, 96 S. E., 1036; *Cole v. Boyd,* 175 N. C., 555, 95 S. E., 778; *Jones v. Pullen,* 115 N. C., 465, 20 S. E., 624. In this jurisdiction the principle is often referred to as the "doctrine of *McLeod v. Bullard,*" 84 N. C., 516, approved on rehearing, 86 N. C., 210: "Where a mortgagee buys the equity of redemption of his mortgagor, the law presumes fraud, and the burden of proof is upon the mortgagee to show the *bona fides* of the transaction."

We are not advised as to what admissions were made by counsel in response to the court's interrogatories, but the complaint would seem to be good as against a demurrer. *Dix-Downing v. White,* 206 N. C., 567, 174 S. E., 451.

Reversed.