LENORIA MASSENGILL, BETTIE WORLEY, RENA PEEDIN, RUTH LITTLE, BLANCHE BRASWELL, IRENE SNIPES, JULIA BRASWELL, AZZIE BIZZEL, PRISSIE PARRISH, GEORGE B. WORLEY, JR., JAMES WORLEY, BETTIE WILLIAMS AND EARL WORLEY, DECEASED; AND APPIE WORLEY, DECEASED, v. D. B. OLIVER AND WIFE, MARY M. OLIVER.

(Filed 25 March, 1942.)

**1. Mortgages § 24—**

An action by the heirs of the mortgagors to set aside a conveyance of the equity of redemption by the mortgagors to the mortgagee is an action based upon fraud, and the fact that upon the introduction of the deed from the mortgagors to the mortgagee the law presumes fraud and casts upon the mortgagee the burden of proving the *bona fides* of the transaction, does not affect the character of the action as one grounded upon fraud.

**2. Limitation of Actions § 2e—**

An action by the heirs of mortgagors to set aside a conveyance of the equity of redemption by mortgagors to the mortgagee is an action based on fraud and must be instituted within three years from the discovery of the acts constituting the fraud, C. S., 441 (9), and the ten-year statute has no application.

APPEAL by plaintiffs from *Grady, Emergency Judge,* at January Term, 1942, of JOHNSTON.

Civil action to set aside deed for fraud and for an accounting for rents.

Plaintiffs, heirs-at-law of George B. Worley, Sr., and his wife, Appie Worley, both of whom died after the matters of which complaint is made herein, instituted this action on 13 August, 1941, and in their complaint in substance allege:

1. That on 18 December, 1923, defendants, for consideration of $4,800 recited in deed, conveyed to George B. Worley, Sr., and wife, Appie Worley, two tracts of land in Johnston County, North Carolina, one containing thirty-six acres and the other three-fourths of an acre.

2. That on said date George B. Worley, Sr., and wife, Appie Worley, for purpose of securing the payment of the purchase price of said land, $4,800, on terms therein set out, executed a mortgage deed to defendant, D. B. Oliver, conveying therein the two tracts of land so conveyed to them, and another tract containing fifty and one-quarter acres, of value in excess of $3,500, and containing power of sale.

3. That on 21 January, 1932, though George B. Worley, Sr., and wife, Appie Worley, had by payments reduced the indebtedness due on

purchase price to less than $4,000, and while the relation of mortgagor and mortgagee existed between them as mortgagors and defendant D. B. Oliver, as mortgagee, the said defendant, "by persistence, oppression and other unlawful and fraudulent means" exerted by him upon them, procured a deed from them to him, conveying the three tracts of land described in the said mortgage deed, for the recited consideration of $4,000, when the balance due on indebtedness was much less than, and the reasonable value of the land more than double that amount, by reason of all of which the said deed is void.

4. That immediately upon the execution of the deed to him set forth in the preceding paragraph defendant, D. B. Oliver, went into, and has since remained in possession of said land, enjoying the rents and profits for which he, as mortgagee in possession, should account.

Defendants, in answer filed, while admitting the execution of the deeds and mortgage deed described in the complaint, (1) deny that George B. Worley, Sr., and wife, Appie Worley, made any payment on the purchase price of said land; (2) deny that the fifty and one-quarter-acre tract was worth amount alleged, and (3) deny all allegations of oppression, fraud or unfair means in procuring the deed from them. And defendants aver that, though George B. Worley, Sr., and wife had been in possession of said land for more than eight years at time when said deed was executed by them to defendant, D. B. Oliver, they had paid nothing on the purchase price and there were then due principal, interest, taxes and store account amounting to $7,469.91; that deed was executed by them "of their own free will and accord," in order to free themselves of the said indebtedness; that the deed was accepted by D. B. Oliver at request of George B. Worley; and that as consideration therefor all of said indebtedness and the mortgage deed were canceled.

Defendants further plead the three-year statute of limitation, C. S., 441 (9), in bar of any right of plaintiffs to recover in this action.

Upon the trial below plaintiffs offered in evidence the summons issued in this cause, the record of the deeds and the mortgage deed referred to in the pleadings, including a notation on the record of said mortgage showing cancellation thereof on 23 January, 1932, at time of recording of deed to defendant on said date, and rested. The court, being of opinion that the cause of action is barred by the three-year statute of limitation as pleaded by defendant, so adjudged and dismissed the action.

Plaintiffs appeal to Supreme Court and assign error.

*Parker & Lee for plaintiffs, appellants.*
*G. A. Martin for defendants, appellees.*

WINBORNE, J. To escape the bar of the statute of limitations, C. S., 441 (9), when pleaded, an action "for relief on the ground of fraud or

mistake" must have been commenced within three years from "the discovery by the aggrieved party of the facts constituting the fraud or mistake."

The exceptive assignment determinative of this appeal presents for decision only this question: Is this an action for relief on the ground of fraud? The decisions in this jurisdiction indicate an affirmative answer.

It is here a well settled principle that "where a mortgagee buys the equity of redemption of his mortgagor, the law presumes fraud, and the burden is upon the mortgagee to show the *bona fides* of the transaction," as expressed in *McLeod v. Bullard,* 84 N. C., 516, approved on rehearing in 86 N. C., 210, and repeated in principle in numerous later cases among which are: *Jones v. Pullen,* 115 N. C., 465, 20 S. E., 624; *Hall v. Lewis,* 118 N. C., 509, 24 S. E., 209; *Pritchard v. Smith,* 160 N. C., 79, 75 S. E., 803; *Cole v. Boyd,* 175 N. C., 555, 95 S. E., 778; *Jones v. Williams,* 176 N. C., 245, 96 S. E., 1036; *Harrelson v. Cox,* 207 N. C., 651, 178 S. E., 361.

In *Jones v. Pullen, supra,* Shepherd, C. J., directing attention to the inflexible rule that where a mortgagee purchases, directly or indirectly, at his own sale, the mortgagor may elect to avoid the sale, and this without reference to its being fairly made, and for a reasonable price, "not because there is, but because there may be fraud," states: "If, however, the mortgagee with the power of sale deals directly with the mortgagor and purchases of him the equity of redemption, quite another principle applies. In such case there is, by reason of the trust relation, a presumption of fraud, but the mortgagee so purchasing may rebut the presumption by showing that the transaction was free from fraud or oppression and that the price was fair and reasonable. . . . If the presumption of fraud is rebutted, the plaintiff has no election to set aside the sale, and a court of equity will grant him no relief."

Thus, an action to set aside such transaction is grounded in fraud. The presumption arising upon a showing of the deed from the mortgagors to the mortgagee while that relation exists is merely a rule of evidence. And, even though the burden then shift to the mortgagee to show the *bona fides* of the transaction, the controversy still revolves around the question as to whether the transaction is fraudulent.

Other assignment need not be considered.

Affirmed.