E. S. McNEILL ET AL. v. JOHNNIE L. McNEILL ET AL.

(Filed 19 May, 1943.)

**1. Fiduciaries § 2: Fraud § 11: Wills § 23c: Deeds § 2c—**

In certain known and definite fiduciary relations, if there be dealing between the parties, on complaint of the party in the power of the other, the relation of itself, and without other evidence, raises a presumption of fraud as a matter of law, which annuls the act unless such presumption be rebutted by proof that no fraud was committed, and no undue influence or moral duress exerted. Among these relations are (1) trustee and *cestui que trust;* (2) attorney and client; (3) mortgagor and mortgagee; (4) guardian and ward; and (5) principal and agent.

**2. Wills § 25: Deeds § 2c—**

In an action to set aside deeds and issue of *devisavit vel non,* consolidated and tried together, where the evidence showed that, at the time of the execution of the instruments in suit, the grantee in the deeds and the executor and principal beneficiary in the will was the agent of grantor and testatrix and was in full charge of her farm and all of her business affairs, it was reversible error for the court to fail to charge that such circumstances create a strong suspicion of fraud and undue influence and the law casts upon such grantee and principal beneficiary the burden of removing such suspicion by offering proof that the instruments in question are the free and voluntary act of the maker.

**3. Trial §§ 29a, 32—**

A judge in his charge to the jury should present every substantial and essential feature of the case embraced within the issues and arising on the evidence and this without any special prayer for instructions, which is only necessary in reference to subordinate matters. C. S., 564.

**4. Evidence § 57—**

   A failure to testify, standing alone, ordinarily counts for naught against a party; but, when the case is such as to call for an explanation, the failure of the party, who should make such explanation, to go upon the stand may be used against him.

**5. Wills § 25—**

   Where, in an action to set aside deeds and issues of *devisavit vel non,* consolidated for·trial, the judge charged the jury that recitals in the deeds and in the will were some evidence of mental capacity, it was error for the court, upon proper prayer of caveators and those attacking the deeds, to refuse to instruct the jury that, if they were satisfied from the evidence that grantor and testatrix did not give directions for the recitals in the deeds and will, then such recitals would not be evidence of mental capacity.

**6. Wills §§ 23b, 23c: Deeds § 2a—**

   Provisions of a will, and recitals in other writings, may be considered by a jury, in connection with other evidence, as bearing on the issue of mental capacity and undue influence.

·APPEAL by plaintiffs and caveators from *Thompson, J.,* at October Term, 1942, of ROBESON.

Civil actions to set aside deeds, and issue of *devisavit vel non,* consolidated for trial and heard together, as all are based on alleged mental incapacity and the same series of events which it is alleged unduly influenced the execution of the deeds and will.

The record discloses that in December, 1938, Mrs. Florence McNeill Hall found herself a widow and the owner of a 200-acre farm in Robeson County. She made her cousin, Johnnie L. McNeill, her "supervisor" or agent and invested him with authority to look after the renting and management of her farm. In a power of attorney, executed 24 November, 1941, it is recited "the said Johnnie L. McNeill has been looking after the renting of said lands since the year 1938 . . . and whereas the said Johnnie L. McNeill has agreed that he will look after the rental of said farm and its management (for the years 1942 to 1945) without any charges to the said party of the first part as he has heretofore done," now, therefore, etc.

On 18 January, 1939, Florence McNeill Hall executed a paper writing in the form of a deed purporting to convey to Johnnie L. McNeill, in consideration of $10 and other valuable considerations, 75 acres of her land, first reserving to herself the privilege of a life estate therein. A little later, on 22 April, 1939, she executed another paper writing in the form of a deed purporting to convey to Johnnie L. McNeill and his wife, Eula McNeill, in consideration of $10 and other valuable considerations, 105 acres of her farm, first reserving to herself a life estate therein, and also subject to a certain lease executed to R. H. Nye. On the same day,

to wit, 22 April, 1939, she executed and published a paper writing purporting to be her last will and testament in which Johnnie L. McNeill is named as sole executor and principal beneficiary. The First Presbyterian Church is given some woods land, subject to be defeated, however, "if Johnnie McNeill and wife, Eula McNeill, shall pay or cause to be paid to the Trustees of the First Presbyterian Church of Lumberton, N. C., the amount of $400 in cash within twelve (12) months from the date of my death."

Thereafter, on petition duly filed before the clerk of the Superior Court of Robeson County, 19 December, 1941, Florence McNeill Hall was adjudged "incompetent, from want of understanding, to manage her affairs, by reason of physical and mental weakness, on account of old age and disease," and P. S. Kornegay was appointed trustee of her estate pursuant to provisions of C. S., 2285.

At the time of Mrs. Hall's death in April, 1942, she was eighty years of age. Her will was probated in common form on 7 April, 1942.

On 10 April, 1942, the plaintiffs instituted two actions, one to set aside the deed of 18 January, 1939, and the other to set aside the deed of 22 April, 1939, both actions being grounded on alleged mental incapacity and undue influence. Then on 23 May, 1942, a caveat was filed to the will of Florence McNeill Hall upon the same grounds of alleged mental incapacity and undue influence.

There was much evidence *pro* and *con* on both issues.

From adverse verdicts and judgments thereon, the plaintiffs and caveators appeal, assigning errors.

*T. A. McNeill, McLean & Stacy, and Varser, McIntyre & Henry for caveators and plaintiffs, appellants.*

*L. J. Britt, F. D. Hackett, and Johnson & Timberlake for propounders and defendants, appellees.*

STACY, C. J. The case here may be made to turn on exceptions to the charge.

First. The appellants except to the charge on the ground that they were given no benefit of the presumption arising from the fiduciary relation existing between the grantor and testatrix on the one hand and the grantees and principal beneficiary on the other at the time of the execution of the deeds and will.

It is in evidence that Johnnie L. McNeill, grantee in both deeds and principal beneficiary under the will, was, at the time of their execution, manager in full charge of Mrs. Hall's farming operations. This was her only business. In a letter to Howard Nye, she speaks of "Johnny Mc" as "my supervisor, he & his wife are my very best friends."

The law is well settled that in certain known and definite "fiduciary relations, if there be dealing between the parties, on the complaint of the party in the power of the other, the relation of itself and without other ·evidence, raises a presumption of fraud, as a matter of law, which annuls the act unless such presumption be rebutted by proof that no fraud was ·committed, and no undue influence or moral duress exerted." *Lee v. Pearce,* 68 N. C., 76. Among these, are, (1) trustee and *cestui que trust* dealing in reference to the trust fund, (2) attorney and client, in respect of the matter wherein the relationship exists, (3) mortgagor and mortgagee in transactions affecting the mortgaged property, (4) guardian and ward, just after the ward arrives of age, and (5) principal and agent, where the agent has entire management so as to be, in effect, as much the guardian of his principal as the regularly appointed guardian of an infant. *Abbitt v. Gregory,* 201 N. C., 577 (at p. 598); *Harrelson v. Cox,* 207 N. C., 651, 178 S. E., 361; *Hinton v. West,* 207 N. C., 708, 178 S. E., 356; *McLeod v. Bullard,* 84 N. C., 515, approved on rehearing, 86 N. C., 210; *Harris v. Carstarphen,* 69 N. C., 416; *Williams v. Powell,* 36 N. C., 460.

"When one is the general agent of another, who relies upon him as a friend and adviser, and has entire management of his affairs, a presumption of fraud, as a matter of law, arises from a transaction between them wherein the agent is benefited, and the burden of proof is upon the agent to show by the greater weight of the evidence, when the transaction is disputed, that it was open, fair and honest." *Smith v. Moore* (7th syllabus), 149 N. C., 185, 62 S. E., 892.

There is also authority for the position that "when a will is executed through the intervention of a person occupying a confidential relation towards the testatrix, whereby such person is the executor and a large beneficiary under the will, such circumstances create a strong suspicion that an undue or fraudulent influence has been exerted, and then the law casts upon him the burden of removing the suspicion by offering proof that the will was the free and voluntary act of the testator." *In re Will of Amelia Everett,* 153 N. C., 83, 68 S. E., 924.

Wigmore puts it this way: "Where the grantee or other beneficiary of a deed or will is a person who has maintained intimate relations with the grantor or testator, or has drafted, or advised the terms of the instrument, a presumption of undue influence or of fraud on the part of the beneficiary has often been applied." Evidence (3rd Ed.), sec. 2503, and cases cited in note.

The doctrine rests on the idea, not that there *is* fraud, but that there *may be* fraud, and gives an artificial effect to the relation beyond its natural tendency to produce belief. *Peedin v. Oliver,* 222 N. C., 665; *Harris v. Hilliard,* 221 N. C., 329, 20 S. E. (2d), 278.

This principle, it would seem, was applicable to the facts of the instant record, as Johnnie McNeill at the time of the execution of the instruments in suit, was the supervisor of Mrs. Hall's farm and in full charge of her business affairs. He purportedly takes as grantee in both deeds and is named sole executor and principal beneficiary in the will.

The failure to present these essential features of the case to the jury must be held for error. Their pertinency is heightened by the fact that neither Johnnie L. McNeill nor his wife testified in the case. *Hudson v. Jordan,* 108 N. C., 10, 12 S. E., 1029. True, the failure to testify, standing alone and without reference to the circumstances, ordinarily counts for naught against a party, and the jury should presume nothing therefrom; but when the case is such as to call for an explanation, as here, a different situation is presented. *Powell v. Strickland,* 163 N. C., 393, 79 S. E., 872; *In re Hinton,* 180 N. C., 206, 104 S. E., 341. The authorities are at one in holding that a judge in his charge to the jury should present every substantial and essential feature of the case embraced within the issues and arising on the evidence, and this without any special prayer for instructions. C. S., 564; *S. v. O'Neal,* 187 N. C., 22, 120 S. E., 817; *S. v. Merrick,* 171 N. C., 788, 88 S. E., 501. It is only in reference to subordinate features of the case that special requests are necessary. *S. v. Ellis,* 203 N. C., 836, 167 S. E., 67.

Indeed, the statute provides that in jury trials, the judge "shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon." C. S., 564. We have said in a number of cases that this confers a substantial legal right upon litigants, and that it "calls for instructions as to the law upon all substantial features of the case." *Williams v. Coach Co.,* 197 N. C., 12, 147 S. E., 435; *S. v. Robinson,* 213 N. C., 273, 195 S. E., 824; *S. v. Bryant,* 213 N. C., 752, 197 S. E., 530; *Wilson v. Wilson,* 190 N. C., 819, 130 S. E., 834; *Watson v. Tanning Co.,* 190 N. C., 840, 130 S. E., 833; *Bowen v. Schnibben,* 184 N. C., 248, 114 S. E., 170; *Blake v. Smith,* 163 N. C., 274, 79 S. E., 596; *Holly v. Holly,* 94 N. C., 96; *S. v. Matthews,* 78 N. C., 523; *S. v. Dunlop,* 65 N. C., 288.

The purport of the decisions may be gleaned from the following excerpts: "The failure of the court to instruct the jury on substantive features of the case arising on the evidence is prejudicial. This is true even though there is no request for special instruction to that effect." *Spencer v. Brown,* 214 N. C., 114, 198 S. E., 630. "On the substantive features of the case arising on the evidence, the judge is required to give correct charge concerning it." *School District v. Alamance County,* 211 N. C., 213, 189 S. E., 873. "A judge in his charge to the jury should present every substantial and essential feature of the case embraced within the issue and arising on the evidence, and this without any special

prayer for instructions to that effect." *S. v. Merrick,* 171 N. C., 788, 88 S. E., 501. "When the evidence is susceptible of several interpretations a failure to give instructions which declare and explain the law in its application to the several phases of the evidence is held for reversible error." *Williams v. Coach Co., supra.*

A situation quite similar to the one here presented arose in the case of *Hauser v. Furniture Co.,* 174 N. C., 463, 93 S. E., 961. There, a minor between the ages of 12 and 13, suing for personal injuries, lost before the jury on the issue of contributory negligence. The failure of the judge to instruct the jury that the evidence should be considered and the issue determined in the light of the presumption against contributory negligence arising on the evidence, was held for error, and this without any special prayer for instructions, the Court saying: "It is not a mere omission in reference to a 'subordinate feature of the cause, or some particular phase of the testimony,' but is to be considered as a 'substantial defect,' which may be raised by an exception properly entered and requiring that the issue be submitted to another jury."

The same rule would seem to be applicable here. The plaintiffs and caveators lost before the jury on the issue of undue influence. No reference is made in the charge to the presumption of fraud arising out of the relation of the parties. The two cases appear to be alike. The situations are similar.

Second. In giving the contentions of the defendants and propounders, the court called the jury's attention to the recitals in the deeds as showing *ex proprio vigore* knowledge of the grantor's properties and evidence of mental capacity. Attention was also directed to the preamble and to the several clauses of the will as evidence of Mrs. Hall's mental capacity, *e.g.,* "They say and contend that the paper writing itself shows in the preamble that she was of sound mind . . . that the person best qualified to know whether or not Mrs. Hall was of sound mind at that time was Mrs. Hall herself." The preamble recites, "I, Florence McNeill Hall, . . . being of sound mind," etc.

In apt time, counsel for plaintiffs and caveators asked the court to instruct the jury that if they were satisfied from the evidence that Mrs. Hall did not give directions for the recitals in the deeds and will, "then such recitals would not be evidence in this case of mental capacity."

It would seem that in the circumstances here disclosed, the plaintiffs and caveators were entitled to this instruction.

It is true, in a number of cases the provisions of a will and the recitals in other writings have been allowed to be considered by the jury in connection with other evidence, as bearing upon the issues of mental capacity and undue influence. *In re Will of Beale,* 202 N. C., 618, 163 S. E., 684; *In re Hardee's Will,* 187 N. C., 381, 121 S. E., 667; *In re Burns'*

*Will,* 121 N. C., 336, 28 S. E., 519. But in no case where this has been done has it been predicated upon a finding that the testator or maker was not the author of the provisions or recitals and gave no instructions in respect of their composition. *Jones v. Williams,* 176 N. C., 245, 96 S. E., 1036. Here, the very question at issue is whether these recitals correctly express the mind of a competent person free from any fraud or undue influence, in the face of a presumption that they do not.

A careful perusal of the entire record induces the conclusion that a new trial should be awarded. It is so ordered.

New trial.