CLEVELAND P. SANDERS AND ANGELA SANDERS v. SPAULDING AND PERKINS, LTD., A NORTH CAROLINA CORPORATION; SPAULDING AND PERKINS REALTY COMPANY, A NORTH CAROLINA PARTNERSHIP; GEORGE F. SPAULDING AND GRADY PERKINS, INDIVIDUALLY

No. 8610SC155

(Filed 2 September 1986)

1. Fraud § 7— real estate sale—constructive fraud—evidence sufficient

There was sufficient evidence of constructive fraud in a transaction with a real estate agent where defendants either admitted or stipulated that the two property sales occurred; that they were plaintiffs' agents in regard to them; that a relationship of trust and confidence existed between them; that defendants concealed from plaintiffs that the house defendants "found" for plaintiffs to buy was owned by them; and defendants failed to fully account for the equity proceeds from the sale of plaintiffs' house.

2. Fraud § 13— real estate transaction—damages

The trial court did not err in an action for fraud against licensed real estate agents by submitting punitive damages to the jury and did not abuse its discretion by denying defendants' motion for a new trial on the grounds of excessive damages.

APPEAL by defendants from *Hight, Judge*. Judgment entered 29 August 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 11 June 1986.

*Huggard and Hensley, by John P. Huggard, for plaintiff appellees.*

*Thigpen, Blue, Stephens & Fellers, by Carlton E. Fellers, for defendant appellants.*

PHILLIPS, Judge.

The individual defendants are licensed real estate agents and at the times involved herein conducted their business through the corporate and partnership defendants. Plaintiffs sued defendants for fraud in two transactions in which they served as agents or brokers for plaintiffs; in one transaction a house that plaintiffs owned was sold and in the other plaintiffs bought a house that defendants found for them, which they later learned belonged to the defendants. At trial the jury found that a fiduciary relationship existed between plaintiffs and defendants, that defendants did not handle the two transactions in a fair, honest and open

manner, and awarded plaintiffs $4,000 in compensatory damages and $1,000 in punitive damages. In appealing from the judgment entered on the verdict defendants bring forward four assignments of error; none has merit and we overrule them.

[1] Two of defendants' assignments, the first and third, make the same contention—that no evidence of their alleged fraud was presented—and should have resulted in one question being stated and one argument being made, rather than two. In any event, apart from evidence presented to the same effect, defendants either admitted or stipulated that the two property sales occurred, that they were plaintiffs' agents in regard to them, and that a "relationship of trust and confidence" existed between them—which is clearly enough to make out a *prima facie* case of constructive fraud, since under our law when property is transferred between a fiduciary and his principal fraud is presumed. 2 Brandis N.C. Evidence Sec. 225 (1982). Thus, instead of plaintiffs being required to go further and present direct evidence of defendants' fraud, defendants had the burden of showing that they did not take advantage of plaintiffs and had handled the transactions in a fair, open and honest manner. *McNeil v. McNeil*, 223 N.C. 178, 25 S.E. 2d 615 (1943); *Smith v. Moore*, 149 N.C. 185, 62 S.E. 892 (1908). But plaintiffs had more in their favor than a presumption based on the relationship between the parties; evidence was presented tending to show that defendants concealed from plaintiffs, contrary to their fiduciary duty of full, open disclosure, *Link v. Link*, 278 N.C. 181, 179 S.E. 2d 697 (1971), that the house defendants "found" for plaintiffs to buy was owned by them, and that defendants failed to fully account for the equity proceeds they received from the sale of the plaintiffs' house. That defendants' evidence tended to show that defendants had good motives and acted in an open and honest manner in the two transactions is irrelevant to the question presented, as the jury found otherwise.

[2] By their second assignment defendants contend that it was error to submit the punitive damages issue to the jury, but our law authorizes punitive damages when a defendant's fraud has been established. *Newton v. The Standard Fire Insurance Company*, 291 N.C. 105, 229 S.E. 2d 297 (1976). Defendants finally cite as error the denial of their motion for a new trial on the grounds that the damages awarded were excessive. This motion, made pursuant to the provisions of Rule 59(a)(6) of the N.C. Rules of

Civil Procedure, was addressed to the court's discretion, *Worthington v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982), and the record contains no indication of abuse.

No error.

Judges WHICHARD and MARTIN concur.