*212
 
 Gaston, Judge,
 

 If we are t.o understand
 
 the
 
 answer s-Wetl by the presiding Judge to the enquiry of the jury, as laying down the proposition, that when there is any eviof fraud or imposition in procuring the execution of an instrument as a will, the contents whereof are unknown or misrepresented to the supposed testator, the tri,ers are not qt liberty to cqnsider the dispositions of property actually made therein, we should feel ourselves bound to hold that the jury hacj beep misdirected. A conflict between these dispositions- and the known testamentary intentions of the deceased — the reppgnao.ee of these dispositions to the claims of natural aflection or qf mpral duty. — .their conferring material benefits on those through whose agency the supposed ■yvill has been prepared — thesp, an,d such as these, are circumstances fit to be considered and weighed in conducting the judgment to a proper conclusion.
 
 But it is
 
 plain, we think, that such would not be a fair construction of the answer.
 

 The instrument itself had been permitted to he read to the jury, and the counsel for the caveators allowed to comment freely upon its dispositions. The jury had then been instructed that as the capacity of the deceased to' make a will, and the formal execution qf the instrument as his will were not ■ questioned, the only enquiry for them was whether the deceased knew the contents of the instrument, and they were directed, if they should be satisfied that he did not know the contents, to find that it was not his will. This instruction was never afterwards with drawn, contradicted or modified. When they returned with the enquiry, whether they were not at liberty, upon the issue submitted to them, to take into consideration the dispositions in the will, his honor answered in the negative. But this negative was properly qualified and fully axplained by his accompanying observations. They were told “that the will
 
 of itself
 
 prqved nothing, for, that however absurd and unnatural its dispositions might be, yet, if from the evidence they were satisfied that the deceased knew the contents of the paper, and \yith fhat knpwledge executed it as his will, intending it so to be, it wqs his will;” and that it was with a view “ to that question,
 
 all
 
 the evidence given in the case
 
 *213
 
 was submitted to them.” Thus explained, it amounted to no more than what must be held to be clear law, that where capacity — formal execution. — and volition all appear, no tribunal can pronounce against a will, because of its disapprobation, however strong, of the dispositions made by the testator.
 

 Per Curiam. Judgment below affirmed.