*In Re* DANIEL BURNS' WILL.

*Devisavit   Vel   Non—Sanity   of   Testator—Undue   Influence—
Trial—Evidence.*

1. Where, in the trial of an issue of *devisavit vel non*, the sanity of the testator is impeached, the burden of proof is upon the caveators.

2. Where on trial of an issue of *devisavit vel non*, proof of the sanity or insanity is submitted to the jury, the fact that the testator disinherited all of his children save one to whom he left all his property, is competent evidence to be passed upon by the jury as bearing upon the capacity of the testator and, hence, is as much the proper subject of discussion by counsel, in the argument, as any other part of the testimony. (Montgomery, J., dissenting).

ISSUE of *devisavit vel non* tried before *Robinson, J.*, and a jury at June, 1897, Special Term of BURKE Superior Court. The facts appear in the opinion. There was a verdict for the propounders of the will and from the judgment thereon the caveators appealed.

*Mr. S. J. Ervin*, for caveators (appellants).
*Messrs. E. J. Justice* and *J. T. Perkins*, contra.

*In Re* BURNS' WILL.

FAIRCLOTH, C. J.: The issue was *devisavit vel non.* Daniel Burns, aged 75 or 80 years, died in 1893, leaving eight children him surviving. He also left a last will, dated in 1889, in which he devised and bequeathed his entire property to his son, Phil. F. Burns. The will having been proved in common form the burden was upon the caveators to show incapacity of the testator. *Mayo* v. *Jones,* 78 N. C., 402. Sanity being the natural and usual condition of the mind, whoever alleges any matter in derogation thereof must prove it.

Numerous witnesses were examined at the trial, the evidence of some of them tending to prove sanity, and that of others to prove insanity. This evidence consisted of the opinion of witnesses, the conduct and language of the testator at different times, from a time recently before the date of the will running back to about the close of the late war, when he received a severe blow on his head. The caveators also offered some evidence of undue influence on the mind of the testator, imposed by the devisee named in the will, who lived with his father after the death of his wife. During the argument, the caveators' counsel proceeded to discuss the circumstance that the deceased had disinherited his seven children, as bearing on his mental condition when he made his will. The propounders' objection to such argument was sustained. Exception. The counsel again in his argument alluded to the circumstance that seven children were disinherited, and on objection his Honor stated that "that circumstance had nothing to do with the case, and that counsel for caveators had no right to allude to it in the argument." Exception. That view of his Honor was erroneous.

It is not denied that declarations of the testator made at the time of signing the will are competent. They are a part

121—43

of the *res gestae.* 1 Thomas Coke 761, 763,n. The declarations and conduct of the testator, both before and after he signed the will, are competent as to the condition of his mind at the time he signed it. They are the pointers to the controlling fact involved in the issue to be submitted to the judgment and discretion of the jury as rational men. These acts and declarations are not received as a part of the *res gestae* but whether made long before or after making the will is immaterial, as to their *competency.* They are circumstances uttered by one having an interest, going to the jury with such weight and credit as that tribunal may give them, whose province it is to try the facts and also to pass upon the truth of these circumstances. And we hold that where proof, tending to prove sanity or insanity, is submitted to the jury, the fact of disinheritance is a circumstance competent to go to the jury, as was done in this case, the value of this circumstance to be determined by the jury, as they do with the other circumstances. The right to dispose of one's property, disinheriting any or all of his or her children, is not controverted in the least degree, but where the capacity in the testator to dispose of his property to any one is raised by the issue, then the circumstances enumerated are highly useful to the jury in their search for the truth of the matter. *Reed* v. *Reed,* 8 N. C., 248; *Howell* v. *Barden,* 3 Devereaux, 442.

Evidence of fraud *or imposition* in the execution of an instrument, as a will, may be considered by the jury. *Rose* v. *Christman,* 23 N. C., 209. Evidence of kindly relations between the testator and members of his family is competent on his alleged mental incapacity. *Bost* v. *Bost,* 87 N. C., 477.

We have referred to these authorities because it is not clear whether his Honor held that the fact of disinheritance in this case was incompetent, or whether he considered it unimportant for the jury to consider. That fact being in

CALDWELL v. MANUFACTURING COMPANY.

evidence, it was as much the subject of discussion by counsel as any other part of the evidence.    Code, Section 30.

As a new trial must be ordered, we leave the other exceptions out of this opinion, as they may not and probably will not arise again.

Error.

MONTGOMERY, J., dissents.