Civil action heard on return to preliminary restraining order. The action was for the purpose of restraining defendant company for entering and trespassing upon plaintiff's lands without warrant of law, defendants claiming the right to do so under and by virtue of ch. 141, Laws 1915, entitled "An act to encourage the reclamation and improvement of swamp and lowlands."
On the hearing it was made to appear that defendants were proceeding to cut a large canal through the lands of plaintiff, and there was evidence on part of plaintiff that he was a minority landowner lying along the route of the proposed canal; that he had not entered into any agreement or in any way joined in the undertaking, and that the cutting of the canal as proposed through the lands of plaintiff would cause him great damage. There was judgment dissolving the restraining order, and plaintiffs, having duly excepted, appealed.
After stating the case: With every disposition to uphold the drainage laws enacted by our Legislature, we are unable to reconcile this statute with the provisions of our Constitution, guaranteeing the rights of private property. Constitution, Article I, sec. 17; Connor and Cheshire's Annotations, p. 52 et seq. The act, Laws 1915, ch. 141, provides, among other things, that a majority of landowners or persons owning three-fifths of the land in a given area of "defined swamp or lowland" may contract in writing with any person, firm or corporation to cut a canal and drain along a proposed route, "whether the owners of *Page 750 
said land have consented thereto or not," and the contractor shall then have the necessary right of way for that purpose and "for all things incident thereto through any lands or timbers situated within said swamp or lowland." The act then provides that, "on completion, the minority landowner may be held liable for his proper part of the cost, and, at the instance of the contractor, he may be cited before the court and have the same assessed against him, and the amount is declared to be a lien upon his property within the given area." There is no provision made for paying the minority or other landowner in case the proposed canal shall cause damage to his land over and above the benefits conferred, nor is there any responsible paymaster or fund designated or provided for the payment of such damage if it exist. On the contrary, a perusal of the statute will disclose that no such payment is contemplated or allowed by the law, the only hearing referred to being to ascertain and adjudge "what amount shall be paid by the various landowners who may have failed to arrange for and agree upon the compensation to be paid for the said drainage."
It will thus be seen that the majority in number or three-fifths in ownership "in any defined swamp or lowland," a very indefinite term for the justification of such unusual and extended powers, without notice to the minority landowners or any consultation with them, may contract and agree with any "person, firm or corporation," however inefficient or irresponsible, and such contractor is then authorized and empowered to enter on the lands of a private owner with any force he may consider desirable, cut a canal of any size or character that may be agreed upon between these third parties, and no provision whatever made for compensation to such owner for any damage that may be done to his property, the single limitation being that collections to be made from him shall not exceed the benefits derived by him.
It has long been recognized here that our lowlands, particularly in the eastern part of the State, are of such extended area and give such promise of productive fertility and their proper drainage affects (664) the public weal to such a degree that the power of eminent domain, when properly safeguarded, may well be conferred upon corporations or companies engaged in this work when, in a given case, it is of such extent that the exercise of the power is required for the efficient carrying out of the enterprise. Newby v. Drainage District,163 N.C. 24; In re Drainage District, 162 N.C. p. 127; White v. Lane,153 N.C. p. 14; Sanderlin v. Luken, 152 N.C. p. 739, citing Norfleet v.Cromwell, 70 N.C. p. 634, where the position and the principle on which it rests are very impressively stated by Rodman, J. And it is also fully established here and elsewhere that, where such power is conferred by statute and it becomes necessary to exercise it, either in the *Page 751 
general law on the subject or in the statute itself, some adequate provision must be made for compensating the private owner whose lands are taken or upon which damages are inflicted in the prosecution of the work, and, unless this is done, the law must be declared invalid. S. v. Haynie,ante, 277; Commissioners v. Bonner, 153 N.C. pp. 66-71; Brown v. PowerCo., 140 N.C. p. 333; S. v. Lyle, 100 N.C. p. 497. True, we have held that it is not always required that this compensation must be made in advance. Not infrequently it is otherwise (S. v. Jones, 139 N.C. p. 613); but the entry on another's land pursuant to authority, professedly conferred by statute for the purpose of cutting and maintaining a canal or ditch, large or small, constitutes a taking within the meaning of the constitutional principle (S. v. New, 130 N.C. p. 731; 15 Cyc., p. 659), and, as the courts have said in some of the cases, whenever this is done in the exercise of the power of eminent domain, somewhere in the course of the proceedings, before the same has become a fixed charge or burden upon his property and before some authoritative and impartial tribunal, the owner is entitled to be heard and to be compensated for the injury done him. It is no answer to this position that, in the particular case before us, no harm is likely to occur or that the power is being exercised in a considerate or benevolent manner, for where a statute is being squared to requirement of constitutional provision, it is what the law authorizes and not what is being presently done under it that furnishes the proper test of its validity.
In his well prepared and thoughtful argument before us we were referred, by counsel for the appellee to the case, among others, of Brown v. Keener,74 N.C. p. 714, as an authority in support of the constitutionality of the present act. An examination of that case will disclose that the Court was construing a law providing for the clearing out of Clark's Creek, in the counties of Lincoln and Catawba, for a distance of about eighteen miles; that it was a stream having a well defined channel, averaging from 2 to 5 feet in depth, and the same had become so clogged with logs and other obstructions that the lowlands thereon were rendered, for lack of proper drainage, unfit for cultivation and much sickness was being caused by reason of the obstructed flow of the (665) stream. In such case the act was passed dividing the distance specified into sections, appointing commissioners to supervise the work and assessing the landowners along the course of the stream for a small amount for the payment of clearing out and, where necessary, straightening the stream. There was no additional burden put on the property owners, and it presented, to our minds, a very different proposition from that contained in the present statute, where, as heretofore stated, by action inter partes, a majority of the landowners may contract with any person, firm or corporation to enter on the lands of a *Page 752 
private owner without any notice to him or opportunity to be heard, open up and maintain an original canal through his land without any reference to the necessities or requirements of the land itself and without making any provision whatever for compensation in case the land is injured, and even stipulating by clear inference that no damage therefor may be allowed.
If the proposed scheme shall contain promise of benefit to the lands affected, it may be that some arrangement between all the parties interested can be made by which the work may proceed, but we are compelled to hold that no justification for this proceeding can be had from this statute which, in its present form and for reasons given, is not a valid law. On the record, there was error in dissolving the restraining order, and the judgment of the court below is
Reversed.
Cited: Proctor v. Comrs., 182 N.C. 61; O'Neal v. Mann, 193 N.C. 163.