## In re WILL OF MRS. EMMA HARDEE.

(Filed 12 March, 1924.)

**1. Instructions—Trials.**

The charge of the court should be construed as a whole, so that all that relates to any phase thereof may be contextually considered, so as to place it in its proper setting; and while an exception to a part thereof, standing alone, may be subject to just exception, it is not ground for error if the charge, properly construed with other relative parts, states the law applicable to the evidence.

**2. Same—Expression of Opinion—Statutes.**

Where there is evidence of fraud and undue influence in the making of a will being caveated, and it appears that it was by a woman who derived the property from her first husband, of which marriage there was one child, and she had given this property to the children of her second marriage to a man who had no property, an instruction to the jury that, in the absence of some reasonable ground for such preference, this would constitute what the law calls an unreasonable will, which may be considered with the other evidence in the case as evidence upon the question of mental capacity and of undue influence, is not objectionable as an expression of opinion by the judge, contrary to the statute. C. S., 564.

Appeal by propounder from *Daniels, J.*, at June Term, 1923, of Vance.

Issue of *devisavit vel non*, raised by a caveat to the will of Mrs. Emma Hardee. Alleged mental incapacity and undue influence are the grounds upon which the caveat is based.

From a verdict and judgment in favor of caveators the propounder appeals, assigning error.

*Jere P. Zollicoffer, Perry & Kittrell, Kittrell & Kittrell, and A. A. Bunn for caveators.*

*R. S. McCoin, D. G. Brummitt, and Royster & Royster for propounder.*

Stacy, J. There was ample evidence to support the verdict, and the record presents but a single serious exception, or one not involving settled principles of law. Propounder assigns as error the following portion of the charge:

"The exclusion of some of the children from the benefits of the paper, and giving of the whole estate to one child in the absence of some reasonable ground for such preference, would constitute what the law calls an unnatural will, and such facts may be considered with the other evidence in the case, as evidence upon the questions of mental capacity and of undue influence."

The vice of this instruction, according to propounder's contention, is that it undertakes to characterize the paper-writing, offered for probate, as an unnatural will, when no such will is known to the law; and it is further objected that said characterization amounted to an unfavorable expression of opinion from the court. C. S., 564. We are unable to agree with propounder's interpretation in its entirety, or to conclude that this instruction, taken in connection with other portions of the charge, should be held for reversible error, even if slightly objectionable, standing alone. It is now settled law that the charge of the court must

be considered and examined by us, not disconnectedly, but as a whole, or at least the whole of what was said regarding any special phase of the case or the law. The losing party will not be permitted to select detached portions of the charge, even if in themselves subject to criticism, and assign errors as to them, when, if considered with other portions, they are readily explained, and the charge in its entirety appears to be correct. Each portion of the charge must be considered with reference to what precedes and follows it. In other words, it must be taken in its setting. The charge should be viewed contextually and not disjointedly. Any other rule would be unjust, both to the trial judge and to the parties.

In the first place, it should be observed that his Honor says the giving of the whole estate to one child, to the exclusion of other children, "in the absence of some reasonable ground for such preference," would constitute what the law calls an unnatural will (but he did not say this was an unnatural will), and such fact "may be considered, with the other evidence in the case, as evidence upon the question of mental capacity and undue influence." See *In re Burns' Will,* 121 N. C., 338; *In re Worth's Will,* 129 N. C., 228, and *In re Mueller's Will,* 170 N. C., 30. In a previous portion of the charge, the jury had been instructed upon this point as follows: "If you are satisfied that she made an unreasonable disposition, but are not satisfied that she was lacking in testamentary capacity, or that she was unduly influenced, that cannot affect you in any way. You would disregard the question of reasonableness or unreasonableness, because, as I have already said, she had a right to make any disposition she saw fit, if she had capacity and was not unduly influenced."

The facts were that Mrs. Hardee first married William Fox, from whom she acquired all of her property. Five children were born to this union. She later married D. W. Hardee, a man without means, and to this union one child was born. The testatrix left her entire estate to her second husband and to their only son, the propounder herein, excluding the caveators, who are the children of the testatrix by her former marriage. There was ample evidence tending to show undue influence and mental incapacity.

The record presents no reversible error, and the judgment entered below will be upheld.

No error.