IN RE WILL OF JOHN D. BROWN.

(Filed 11 March, 1931.)

1. **Wills D c—Burden of proving mental incapacity is on caveators.**

Where a will is caveated on the ground of mental incapacity the burden of proof is on the caveators alleging it to establish the invalidity of the will on this ground.

2. **Trial E g—Conflicting instructions on material matter entitles prejudiced party to new trial.**

Where upon the trial of the issue of *devisavit vel non* the trial judge in his instructions to the jury first correctly places the burden of proof on the caveators, and later on the propounders, the instructions are conflicting upon a material matter, and prejudicial to the propounders, constituting reversible error.

3. **Appeal and Error J e—Error in this case held not cured by verdict.**

Where in caveat proceedings separate issues as to mental capacity and undue influence are submitted to the jury, their verdict on the issue of undue influence in favor of the caveators will not be held to render error in the trial in regard to the issue of mental capacity harmless, the court having instructed them not to consider the issue of undue influence if the issue of mental capacity were answered in favor of propounders, and it being permissible to infer that the second issue was perfunctorily answered.

APPEAL by propounder from *MacRae, Special Judge,* at August Term, 1930, of DUPLIN.

Issue of *devisavit vel non,* raised by a caveat to the will of John D. Brown, based upon alleged mental incapacity and undue influence.

Separate issues of due execution, mental incapacity and undue influence were submitted as to the original will and as to each of two codicils.

On the second issue as to whether the testator had sufficient mental capacity to make a will at the time of its execution, the court at first correctly placed the burden of proof on the caveators to establish his mental incapacity, then later in the charge, induced perhaps by the form of the issue, he inadvertently shifted the burden on this issue to the propounder.

From a judgment sustaining the caveat, the propounder appeals, assigning errors.

*Oscar B. Turner, T. J. Gresham, Jr., and R. D. Johnson for propounder.*

*No counsel appearing for caveators.*

STACY, C. J. The conflict in the charge on a material issue entitles the propounder to a new trial. It is well settled that where there are

conflicting instructions with respect to a material matter, a new trial must be granted, as the jurors are not supposed to know which one of the two states the law correctly, and we cannot say they did not follow the erroneous instruction. *S. v. Falkner,* 182 N. C., 793, 108 S. E., 756; *Edwards v. R. R.,* 132 N. C., 99, 43 S. E., 585.

Again, it has been the law of this jurisdiction, since the decision in *Mayo v. Jones,* 78 N. C., 402, that, upon the trial of an issue of *devisavit vel non,* the burden of proving the alleged insanity of a testator is on the caveator or the one who alleges it. *In re Burns' Will,* 121 N. C., 336, 28 S. E., 519.

It is true, the issue of undue influence was also answered in favor of the caveators, which ordinarily would render an error on the separate issue of mental incapacity harmless (*In re Rawlings' Will,* 170 N. C., 58, 86 S. E., 794), but as this was contrary to the court's instruction, the judge having told the jury not to consider the issue of undue influence, if the issue of mental incapacity were answered in favor of the caveators, which it was, we cannot say that the jury did not thereafter act perfunctorily in determining the issue of undue influence.

On the issue of the due execution of the original will, and perhaps the codicils as well, it would seem that the propounder was entitled to a directed verdict.

As to whether those of the caveators who have heretofore accepted benefits under the will, will or will not be estopped from sharing in the estate or be required to account for such benefits, in the event the caveat is sustained, is not now before us for decision.

New trial.