G. W. BRADDY v. H. F. PFAFF, HUGH PFAFF, ALLEN PFAFF AND WIFE, MARIA PFAFF, AND J. W. MASENCUP.

(Filed 15 June, 1936.)

1. **Evidence I c—Executrix' report showing payment of debt to estate by devisee held competent in action by creditor of devisee.**

Under the terms of the will in this case, the payment of a certain sum to the estate by the devisee was made a condition precedent to the vesting of title in him. Plaintiff, purchaser of the real property at execution sale of a judgment against the devisee, offered in evidence, as proof of payment and that title had vested in the devisee, a special report, duly verified, filed by the executrix stating that the devisee had paid the estate the amount stipulated by the will. *Held:* The special, verified report of the executrix was a document authorized and required to be recorded, was relevant to the issue, and was competent in evidence, its recording purporting verity, C. S., 938, 952, 105, and objection to its admission on the ground of hearsay in that it contained a declaration of a person not a party to the action is untenable, the recorded, verified report being more than a mere declaration by the executrix. C. S., 1779.

2. **Payment A b—Documentary evidence establishing prima facie payment is not conclusive, but is subject to rebuttal.**

A verified report of an executrix, showing payment to the estate of a sum required of a devisee as a condition precedent to the vesting of title in him to the land devised, is *prima facie* proof of payment, but is subject to rebuttal, and where such evidence is challenged by competent evidence to the contrary, the issue of payment is for the determination of the jury.

3. **Trial E c—**

Where it appears that the charge, when read contextually as a whole, was not prejudicial in its manner of stating the evidence and contentions of the parties, an exception, based upon detached portions thereof, will not be sustained. C. S., 564.

APPEAL by defendants from *Clement, J.,* at February Term, 1936, of FORSYTH. No error.

Action to recover certain land by virtue of sheriff's deed in execution against defendant Herbert F. Pfaff. It was denied by defendants that defendant Herbert F. Pfaff had title to said land, and that therefore plaintiff acquired no title by sheriff's deed.

Plaintiff offered evidence tending to show that O. V. Pfaff, father of defendants Herbert F. Pfaff and Allen Pfaff, died December, 1923, seized and possessed of the land in controversy, leaving a last will and testament wherein he appointed his wife, Minerva Pfaff, his executrix. The will contained the following provision: "Herbert Pfaff shall pay what amount he may be owing me to my estate and then the old home place where he now lives will be his."

On 10 January, 1924, the executrix filed inventory, listing, among other personal property, "balance on account of Herbert Pfaff for purchase of land, $5,356.36."

On 10 May, 1924, judgment against Herbert F. Pfaff in favor of Gardner Milling Company in the sum of $702.28, and interest, was duly docketed.

On 19 December, 1925, the following report was filed with the clerk of the Superior Court and recorded in Book 10, page 381:

"NORTH CAROLINA—FORSYTH COUNTY.
   IN THE SUPERIOR COURT, BEFORE THE CLERK.

"In the Matter of Minerva Pfaff, Executrix of O. V. Pfaff, Deceased.

*"To C. M. McKaughan, Clerk of the Superior Court:*

"The undersigned, Minerva Pfaff, Executrix of O. V. Pfaff, deceased, reports that in accordance to section 2 of the will of O. V. Pfaff, deceased, wherein he devises to Herbert Pfaff a certain tract of land known as the Home Place, on which he now lives, whenever said Herbert Pfaff pays to the estate the balance due for said land which he had previously contracted to purchase of the said O. V. Pfaff, deceased; and the undersigned Executrix herewith reports that the balance due on the said land on 14 March, 1925, was $5,027.61, and that the same has been paid in full by the said Herbert Pfaff; and I herewith make this special report in order that the title may be vested in the said Herbert Pfaff.

MINERVA PFAFF, <em>Ex.,</em><br>
<em>Executrix of O. V. Pfaff, Dec'd.</em>

"Sworn and subscribed to before me, this 19 December, 1925.

L. C. McKAUGHAN, <em>N. P.</em><br>
(Notary Seal.)

"My commission expires 26 November, 1927.

"Filed 19 December, 1925.
"C. M. McKaughan, C. S. C.
"Book 10, page 381.
"6-7-1926."

Plaintiff offered deed from Herbert F. Pfaff and wife and Hugh Pfaff and wife to Allen Pfaff, dated 3 January, 1933, for "all their right, title, and interest" in and to the land in controversy.

Plaintiff offered deed to himself from the sheriff, following sale of the land under execution against Herbert F. Pfaff on the Gardner Milling Company judgment, dated 24 October, 1933.

On behalf of the defendants, Minerva Pfaff testified in substance that the report dated 19 December, 1925, though signed and verified by her, was not filed by her, that same was an error, that she signed the paper only for the purpose of aiding Herbert F. Pfaff, if he could, to borrow money sufficient to pay the debt due the estate on the land, and that in fact no money was paid her. That she filed a corrected report as soon as she learned of it on 31 December 1933, which was duly recorded. Defendants Herbert F. Pfaff and Allen Pfaff testified to the same effect.

The corrected report of December, 1933, was offered in evidence, as were also annual accounts of receipts and disbursements of said executrix, dated February, 1926; January, 1928; 19 December, 1931, duly recorded, on which appear no receipts from Herbert F. Pfaff.

Upon issues submitted to the jury there was verdict for plaintiff, and from judgment thereon the defendants appealed.

*W. Reade Johnson for plaintiff.*
*Benbow & Hall and Parrish & Deal for defendants.*

DEVIN, J. The correctness of the judgment is assailed on two principal grounds: (1) That the evidence of payment by defendant Herbert F. Pfaff of his indebtedness to the estate was incompetent; and (2) there were errors in the court's instructions to the jury.

1. By the provisions of the will of O. V. Pfaff, the original source of title, the payment of "what amount he may be owing me, to my estate," was made a condition precedent to the vesting of title to the described land in the defendant Herbert F. Pfaff. To show that this condition had been complied with, the plaintiff offered in evidence the report of the executrix, filed and recorded in the office of the clerk of the Superior Court, to the effect that the balance due on said land had been paid in full by said Herbert Pfaff.

Was this competent?

It is a well settled rule that where record books are required or authorized to be kept because the entries therein are of public interest and notoriety, the production of the books by the lawful custodian renders their contents competent if material and pertinent to the issue. 1 Greenleaf Evidence, secs. 483-485. Wherever there is a duty to record official doings, the record thus kept is admissible. Wigmore Evidence, sec. 1639; C. S., 1779; *In re Thorp,* 150 N. C., 487; *Allen v. Royster,* 107 N. C., 278. Here the will had been duly probated and recorded wherein appeared the provision requiring payment by defendant Herbert F. Pfaff as a condition precedent to the vesting of title to devised land; the inventory of the executrix had been duly filed and recorded, and this

BRADDY *v.* PFAFF.

showed the debt of Herbert as an asset of the estate. And later, when a duly verified report of the executrix showing receipt of the balance due on this debt was filed, it was a document authorized and required to be recorded, and when so recorded on the official record book, it purported verity and was competent to be received in evidence. C. S., 938; C. S., 952; C. S., 105.

The authorities cited by the defendants are in support of the principle that the declarations of one not a party are violative of the hearsay rule. But in the instant case, the question was not as to a mere declaration of Minerva Pfaff. It was the competency from a record book in the office of the clerk of the Superior Court of the contents of a paper authorized to be filed and recorded there. This report, so recorded, was *prima facie* only, and was subject to be rebutted, corrected, or modified by other competent evidence. The defendants' evidence sharply challenged the correctness of this report and denied the facts therein stated, but that left it a matter for the jury to determine, under appropriate instructions from the court. *Heilig v. Foard,* 64 N. C., 710; *Allen v. Royster, supra; Bean v. Bean,* 135 N. C., 92; *In re Hege,* 205 N. C., 625; *Turner v. Turner,* 104 N. C., 566.

2. It was urged for error that in charging the jury the learned judge stated the evidence and contentions of the parties in a manner not in accord with C. S., 564, and prejudicial to the defendants. Standing alone, some expressions might be capable of an interpretation in support of defendants' contentions, but when taken as a whole and the entire context considered, we find no reversible error.

Unless it appears with ordinary certainty that his manner of arraying and presenting the evidence was likely to be prejudicial, it will not be treated as error. *S. v. Jones,* 67 N. C., 285; *S. v. Browning,* 78 N. C., 555.

"Slight inaccuracies in the statement of the evidence by the court in its charges to the jury, not called to its attention at the time, cannot be held as prejudicial error." *S. v. Sterling,* 200 N. C., 18; *S. v. Sinodis,* 189 N. C., 565.

The case seems to have been fairly presented and the issues of fact determined by the verdict of the jury. Upon the record, we find no sufficient ground to disturb the result.

No error.