CHARLIE E. BATCHELOR v. WILLIAM M. BLACK AND ALDERT S. ROOT, JR.

(Filed 9 June, 1950.)

1. **Automobiles §§ 18h (2), 18h (3)—Evidence in this action to recover for collision at intersection held to warrant submission of issues of negligence and contributory negligence.**

   Plaintiff's testimony to the effect that before attempting to enter an intersection with a through highway, he brought his car to a full stop, looked, and not seeing a vehicle approaching from either direction, started across the intersecting highway, and that as the rear wheels of his car crossed the center line of the intersecting highway his car was struck from the right by the car driven by one defendant and owned by the other defendant, who was a passenger therein, which vehicle was traveling at a rate of 75 to 80 miles per hour and knocked plaintiff's car some 35 feet from the point of impact, *is held*, notwithstanding plaintiff's admission on cross-examination that he had taken two or three swallows of liquor some five and one-half hours prior to the time of the collision, properly submitted to the jury on the issues of negligence and contributory negligence.

2. **Trial § 31b—**

   The court need not read a statute to the jury, a simple explanation of the law without the involvement of the technical language of a statute being preferable. G.S. 1-180.

3. **Automobiles § 18i—**

   Where there is evidence that plaintiff had drunk a small quantity of intoxicating liquor some time before the collision, but no evidence that his alleged intoxication was the proximate cause of the collision, a charge giving the defendants the full benefit of such evidence is sufficient, and the court is not required to enter into a speculative discussion on the law of drunken driving.

4. **Appeal and Error § 39f—**

   An exception to an excerpt from the charge will not be sustained when the instructions construed contextually do not disclose reversible error.

DEFENDANTS' appeal from *Grady, Emergency Judge,* January 1950 Civil Term, DURHAM Superior Court.

This action was instituted in the Superior Court of Durham County by the plaintiff, Charlie E. Batchelor, to recover from the defendants, William H. Black and Aldert S. Root, Jr., for property damage and personal injury alleged to have been sustained by him as a result of a motor vehicle collision. On the night of October 7, 1947, the plaintiff, accompanied by Remus Mitchell and Susan Mitchell, was operating his automobile in a southerly direction along the Alston Avenue Road in Durham County. At the intersection of Alston Avenue Road and Highway 54 there was a collision between plaintiff's vehicle and the automobile of defendant Root, which was being driven in an easterly direction along Highway 54 by the defendant Black, accompanied by Root and Richard McElvoy. As a result of such collision the plaintiff's vehicle was damaged and he sustained personal injuries which he alleges were proximately caused by the negligence of the defendant Black in the operation of the vehicle and participated in by the defendant Root.

The defendants deny negligence on their part and allege that the plaintiff was contributorily negligent in bringing about the injuries sustained by him.

The case went to the jury and resulted in a verdict and judgment for plaintiff.

This appeal is chiefly concerned with the defendants' demurrer to the evidence and motion to nonsuit, which were overruled, and to the instructions given to the jury. The plaintiff's evidence, summarized and stated as bearing upon these objections, is as follows:

Plaintiff testified that sometime between 11:00 and 12:00 o'clock on the night of October 7, 1947, he was driving his vehicle, at a speed of from 30 to 35 miles per hour, south on Alston Avenue Road toward the intersection of Alston Avenue Road and Highway 54; that there was a stop sign on Alston Avenue Road about 10 or 15 feet from Highway 54; that he pulled by the stop sign just a little "because there was a bunch of hedges about as high as your head and I had to get out a little further, I figured, to get across safe, to see down Highway 54 to the right;" and stopped between the sign and Highway 54; that he "looked up and down Highway 54 in both directions to see whether or not there were any other cars approaching the intersection, and there wasn't;" that he could see down Highway 54 in a westerly direction "a couple hundred yards." After that, he testified, he pulled on out into the highway, crossing at the intersection at a speed of from 10 to 15 miles per hour in low gear; that he looked westwardly again when the lights of the other vehicle became visible to him; that at the time he observed the lights the front wheels of his vehicle were at the center of the Highway 54 and that the

defendants' vehicle was from 75 to 100 feet from him and traveling toward him at a speed which he estimated to be from 75 to 80 miles per hour; that he speeded up in an effort to clear the intersection but was unable to do so before the defendants' car collided with his. He further testified that the defendants' vehicle struck his car at both doors on the right side and that the force of the impact knocked his car about 40 feet into a yard to the southeast of the intersection, demolishing his car and causing his injuries. Plaintiff also testified that his vehicle was in good mechanical condition; the lights and brakes good; the steering mechanism all right, windshield and window clean.

Ed Lowe, testifying for the plaintiff, stated that he came to the scene of the collision within two or three minutes of its occurrence and that he observed where the impact took place; that it appeared that the rear wheels of plaintiff's car had just crossed the white line of Highway 54 over on the right side of Alston Avenue Road going south; that the plaintiff's car came to rest 35 feet from the point of impact; that plaintiff's car "looked like it was tore all to pieces. It was kind of smashed up together." The witness further testified that "if you were anywhere within 16 feet of the intersection you could see down the highway."

George Council testified for the plaintiff that he reached the intersection soon after the collision occurred; that he observed the plaintiff pinned under a tree and that the plaintiff's car was on top of the tree; that the tree was between six and seven inches in diameter. He further testified that the distance from the intersection to the point where the car had stopped was about 35 feet.

R. H. Morgan, Jr., testified that to the west of the intersection there was a curve in Highway 54 beginning about 184 feet from the intersection; that the curve itself covered around 200 feet; that the distance from the edge of the pavement of Highway 54 to the stumps of the hedge bordering Alston Avenue Road (the hedge having since been cut away) was about nine feet. He further testified that there was a heavy fog and mist that night.

Other evidence bearing on the extent of the personal injuries and property damage sustained by the plaintiff was introduced.

On cross-examination plaintiff testified that he had taken two or three swallows of liquor some five and one-half hours prior to the time of the collision, but denied that he was intoxicated.

The defendants' evidence was in substantial contradiction, particularly with regard to the question of intoxication of plaintiff. Plaintiff's evidence in rebuttal added nothing substantial to the foregoing summary.

At the conclusion of plaintiff's evidence and again at the conclusion of all the evidence defendants demurred and moved for judgment as of

nonsuit, which was denied. Defendants appealed. Exceptions of defendants are noted in the opinion.

*Basil M. Watkins and Charles W. White for defendants, appellants.*
*James R. Patton, R. M. Gantt, and J. Grover Lee for plaintiff, appellee.*

SEAWELL, J. The propriety of the submission of the evidence to the jury on both issues, that of negligence of the defendants and that of contributory negligence of the plaintiff is so obvious on inspection of the foregoing evidence that we refrain from extended discussion. *Hobbs v. Queen City Coach Co.,* 225 N.C. 323, 34 S.E. 2d 750; *Crone v. Fisher,* 223 N.C. 635, 127 S.E. 2d 642.

The exceptive assignments of error to the judge's charge present two items which we discuss because of the importance attached to them in the argument:

(a) The failure of the court to read as requested that section of the law dealing with the operation of motor vehicles while under the influence of liquor and to charge the jury with respect thereto.

This Court has repeatedly held that the court need not read a statute to the jury, and in fact the opinions tend to discourage the practice. While the court must apply the law to the evidence (G.S. 1-180) this is often better accomplished by a simple explanation without the involvement of the technical language of the statute.

In the instant case the judge was not required to enter into a speculative discussion based on the alleged intoxication of the plaintiff in the absence of any evidence pointing to it as a proximate cause of the injury. In his charge upon the second issue, the court gave the defendants the full benefit of such evidence, pertinent to that issue, as the defendants were able to adduce.

(b) As to the exceptive assignment of error regarding the rights and mutual obligations of those about to enter an intersection at the same time, the challenged instruction, standing alone, is subject to criticism, but taken in connection with the whole charge does not disclose reversible error. *Braddy v. Pfaff,* 210 N.C. 248, 186 S.E. 340; *In re Will of Hardee,* 187 N.C. 381, 121 S.E. 667.

Other exceptions not specifically discussed have been examined and we find no merit in them. The case appears to have been fairly tried and submitted to the jury, and they have spoken.

In the record we find

No error.