IN THE MATTER OF THE WILL OF MRS. LALAH IRENE PERKINS ISLEY.

(Filed 16 December, 1964.)

**Wills §§ 17, 22—**

Notwithstanding that proof of the formal execution of a paper writing in accordance with statute raises a *prima facie* presumption that the paper writing is a will, and notwithstanding that the burden is upon caveator to establish mental incapacity relied on by him, the writing is not established as a will until the verdict of the jury does so, and reference in the court's instruction to the paper writing as the "alleged will" is not an expression of opinion by the court that the paper writing was not in fact a valid will.

BOBBITT, J., took no part in the consideration or decision of this case.

APPEAL by the propounder of a paper writing, purporting to be the last will and testament of Lalah Irene Perkins Isley, from *Armstrong, J.,* March 23, 1964, Session of GUILFORD (Greensboro Division).

*Caveat* proceedings.

Mrs. Lalah Perkins Isley, late of Guilford County, died 24 July 1963. Her purported will, dated 24 August 1960, was admitted to probate in common form on 23 September 1963. The paper writing undertakes to give to Mrs. Isley's brother, Aubrey Alphonso Perkins, the greater part of the estate. Mrs. Lalah Perkins Isley Mercer, daughter and only child of Mrs. Isley, filed a *caveat* in October 1963, alleging, *inter alia,* that at the time of the execution of the paper writing Mrs. Isley was without mental capacity to make a will. Prior to the *caveat*

proceedings the Wachovia Bank and Trust Company was appointed trustee of the estate of Aubrey Alphonso Perkins, propounder, because of his incompetency. The trustee is acting on behalf of the propounder in this proceeding.

The jury found that Mrs. Isley lacked mental capacity to make a valid will, and judgment was entered declaring said paper writing is not the will of Mrs. Isley. Propounder appeals.

*Roberson, Haworth & Reese for Propounder.*
*Smith, Moore, Smith, Schell & Hunter and James G. Exum, Jr., for Caveator.*

PER CURIAM. Several times in the charge the judge referred to the paper writing as the "alleged will." Propounder insists this was prejudicial error and amounted to an expression of opinion that it was not in fact a valid will. We do not agree. The propounder's contention arises from a misinterpretation of the following statement from *In re Broach's Will,* 172 N.C. 520, 90 S.E. 681; "The formal execution (of the paper writing) having been formally proven, it was *prima facie* the will of the deceased, and the caveators were called on to put on evidence to impeach it." This means that, when in *caveat* proceedings there is proof of the formal execution of the paper writing in accordance with the requirements of the statute, the paper writing is to be admitted in evidence, and such proof makes it *prima facie* the will of deceased and will justify, but not compel, a jury verdict that it is the will of deceased; to overcome this *prima facie* showing caveator must produce evidence to impeach it. The real contest in the instant proceeding was on the issue of mental capacity. The court correctly placed the burden of this issue on caveator. It was for the jury to say whether the paper writing was "the will" of deceased. Until the jury verdict was in, it was "the paper writing," "the alleged will" or "purported will." There was no expression of opinion and the jury could not have been misled.

The court's explanation of the expression "natural objects of deceased's bounty" is in substantial compliance with that heretofore approved by this Court. *In re Will of Franks,* 231 N.C. 252, 259, 56 S.E. 2d 668. The court did not abuse its discretion in overruling the motion to set aside the verdict.

No error.

BOBBITT, J. took no part in the consideration or decision of this case.