IN THE MATTER OF THE WILL OF J. G. SIMMONS, DECEASED.

(Filed 12 October, 1966.)

**Wills §§ 20, 21—**

> The burden of proof on the issue of undue influence is upon the caveator, and when no evidence with reference thereto is introduced a peremptory instruction to answer the issue in the negative is proper.

APPEAL by the caveator from *Fountain, J.,* April-May 1966 Session of SAMPSON.

A document purporting to be the will of J. G. Simmons, attested by two witnesses, was probated in common form before the Clerk, 21 June 1965. Thereafter, Seymour Walker Simmons filed a caveat upon the grounds of undue influence and lack of testamentary capacity, alleging that he is the son and sole heir of J. G. Simmons.

Upon the trial in the superior court, the jury returned a verdict finding that the document was signed and executed according to law; that J. G. Simmons had the mental capacity to make a will; that the execution of the document was not procured by undue influence; and that it and every part and clause thereof is his last will and testament. From judgment upon the verdict the caveator appeals.

The propounders offered evidence sufficient to support findings that the document was duly executed by Simmons and attested by two witnesses; that he was a successful farmer and businessman; that at the time of the execution of the paper, he had sufficient mental capacity to know the nature and extent of his property, the natural objects of his bounty, who would inherit his property if he left no will, and the force and effect of making a will; that the document was prepared by his attorney, who read it to Simmons and discussed it with him item by item, along with a discussion of the estate and inheritance taxes to be paid; and that about six months thereafter Simmons had a stroke, whereupon the court appointed his attorneys as trustees of his property, he being unable to speak and get about. The document was thereupon introduced in evidence. It contained substantial bequests and devises to Simmons' brothers, sisters, nephews and nieces and to charities and a bequest of one dollar to the caveator.

Witnesses for the caveator testified in substance that they were acquainted with the alleged testator and that, in their respective opinions, he did not, at the time of the execution of the document, have sufficient mental capacity to know the nature, extent and value of his property, the natural objects of his bounty, and the nature and effect of making a will.

Neither the caveator nor the propounders offered any evidence with reference to the existence or absence of undue influence and duress.

The court instructed the jury that the burden of proof was upon the propounders to show the execution of the document, upon the caveator with reference to the issues of mental capacity and undue influence, and upon the propounders with reference to the issue as to whether the document, and every part thereof, was Simmons' will.

The court then instructed the jury that if they found, from the evidence and by its greater weight, the facts to be as all the evidence tended to show, they would answer the issue as to undue influence "No." The court also instructed the jury that if the jury so found that the document was executed and signed according to law (as to which the jury was previously instructed), that Simmons had the mental capacity to make a will (as to which the jury was previously instructed) and was not subjected to undue influence, then the document, and each part thereof, would, as a matter of law, be his will and the jury should so find, otherwise not. To all of these instructions the caveator excepted.

*Mitchell E. Gadsden and Mitchell & Murphy for appellant.*
*Warren & Fowler for appellees.*

PER CURIAM. We have examined carefully the assignments of error with reference to the admission and exclusion of evidence. We find no merit therein.

There was no error in the instructions to the jury, above mentioned, nor in the instruction with reference to the test of mental capacity to make a will, to which the caveator also excepted. *In Re Craven,* 169 N.C. 561, 86 S.E. 587. The burden was upon the caveator to prove that, at the time the will was executed, Simmons did not have the mental capacity required for the execution of a will. *In Re Will of Isley,* 263 N.C. 239, 139 S.E. 2d 243; *In Re Will of Brown,* 200 N.C. 440, 157 S.E. 420; *In Re Thorp,* 150 N.C. 487, 64 S.E. 379. The burden was also upon the caveator to show undue influence. *In Re Will of West,* 227 N.C. 204, 41 S.E. 2d 838. Since there was no evidence offered to show the existence of undue influence, it was not error to instruct the jury peremptorily upon that issue.

No error.