IN THE MATTER OF THE WILL OF HERBERT M. WESTON, DECEASED

No. 775SC902

(Filed 7 November 1978)

1. Wills § 19— caveat proceeding—will probated in common form—admission of evidence not reversible error

Testimony by propounder's witness in a caveat proceeding about the probate of deceased's will in common form prior to commencement of the caveat

In re Weston

proceeding did not constitute reversible error, since the clerk's order of probate was not introduced; the fact that the document had been probated in common form came out in the course of the witness's testimony with respect to when he first saw the will after deceased's death and what he did with it; and that testimony was offered to prove the witness's competency, although he was sightless at the time of the caveat proceeding, to testify with respect to execution of the will.

2. **Wills § 19— caveat proceeding—attesting witness blinded after will executed—witness not unavailable**

An attesting witness to the will in question was not unavailable within the meaning of G.S. 31-18.1(c) to testify at a caveat proceeding, though the witness was blind at the time of the proceeding, since the witness had full use of his sight at the time the testator executed the document and at the time it was probated in common form; the witness gave detailed testimony about the preparation and execution of the will; he testified that he saw the same will again shortly after the testator's death; and when the document was read to him, he stated unequivocally that the document was the same one which he had earlier witnessed.

3. **Wills § 23— caveat proceeding—preemptive jury instruction proper**

The trial court in a caveat proceeding did not err in instructing the jury that they should find that the document offered by propounder was deceased's last will and testament if they first found that the deceased executed the document being propounded in accordance with the formalities required by law, and that at the time he did so he had sufficient mental capacity to make a will.

APPEAL by caveator from *Smith (Donald), Judge.* Judgment entered 1 July 1977 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 21 August 1978.

This is a caveat proceeding involving the will of Herbert M. Weston, who died in New Hanover County on 19 October 1974. Propounder's evidence showed that the deceased went to the office of Attorney Elbert A. Brown on 29 October 1973 accompanied by his niece, Mrs. Annie Hendrix (the propounder) and asked that a will be prepared for him. The will was drawn, and Weston returned the next day to execute the document. Attorney Brown explained it to him and called in two other persons who, in addition to himself, witnessed Weston's execution of the document.

The caveat proceeding, alleging insufficient mental capacity, was brought by the deceased's son, a beneficiary of the challenged will, on 4 February 1975. At the time of the trial of the matter, one of the subscribing witnesses had died, and another, Attorney Elbert Brown, had lost the power of sight. Only one subscribing

witness was able to see the will at the time of the caveat proceeding and identify the signatures on it.

There was conflicting testimony with respect to the deceased's mental capacity at the time he executed the document. The case was submitted to the jury on the issue of *devisavit vel non.* The jury returned a verdict in favor of the propounder. Caveator appealed.

*Burney, Burney, Barefoot, and Bain, by John J. Burney, Jr., for the propounder.*

*Otto K. Pridgen and Franklin L. Block, for the caveator.*

BROCK, Chief Judge.

[1]   On direct examination, propounder's witness, Elbert Brown, testified about the probate of the deceased's will in common form, which action he supervised shortly after Weston's death and at a time before Elbert Brown lost his sight. Caveator contends that any mention of the fact that the will was probated in common form prior to the commencement of the caveat proceeding constitutes reversible error. In support of this contention, he relies primarily on *In re Will of Etheridge,* 231 N.C. 502, 57 S.E. 2d 768 (1950). The Court's holding in that case, however, was that it is reversible error when the actual order of probate is introduced at the caveat proceeding for the purpose of proving the validity of the will. In this instance, the clerk's order of probate was not introduced; the fact that the document had been probated in common form came out in the course of Brown's testimony with respect to when he first saw the will after Weston's death and what he did with it. That testimony was offered to prove Brown's competency, although he was sightless at the time of the caveat proceeding, to testify with respect to its execution.

[2]   In his second assignment of error, the caveator assigns error to the admission into evidence of a writing purporting to be the last will and testament of Herbert Weston. Caveator contends that the propounder failed to satisfy the requirements as set forth in G.S. 31-18.1 for probate of an attested will. That statute sets forth the requirements for probate of an attested will in three alternative situations: (1) when two or more of the attesting witnesses are available; (2) when only one attesting witness is

available; and (3) when none of the attesting witnesses are available. Caveator contends that only one attesting witness was available in this proceeding, and that the propounder failed to satisfy one of the requirements applicable to that situation, *i.e.*, showing proof of the handwriting of the testator.

We disagree with caveator's interpretation of the term "unavailable." G.S. 31-18.1(c) specifies when an attesting witness is "unavailable." The witness is unavailable when he is, "dead, out of the State, not to be found within the State, insane or otherwise incompetent, physically unable to testify or refuses to testify." The propounder produced two attesting witnesses at this caveat proceeding. One of these witnesses, Elbert Brown, was blind; he had, however, had full use of his ocular capacity at the time the testator executed the document and at the time it was probated in common form. We do not think this witness comes within any of the definitions of "unavailable" set forth in G.S. 31-18.1(c). The witness gave detailed testimony about the preparation and execution of the will; he testified that he saw the same will again shortly after the testator's death; and when the document was read to him, he stated unequivocally that the document was the same one which he had earlier witnessed. Several other witnesses, familiar with the handwriting of Elbert Brown, testified that his signature appeared on the document as an attesting witness. G.S. 31-18.1(a)(1) requires only that an attested will be probated "upon *the testimony* of at least two of the attesting witnesses; or . . . ." (Emphasis added.) We do not think the statute requires that the witness be able to see the will and the signatures on it at the time of the caveat proceeding in order that he may give testimony to prove it. This assignment of error is overruled.

[3] In his assignments of error numbers 5 and 6, the caveator challenges the court's instructions to the jury. The court submitted three issues to the jury:

"1. Was the paper writing dated October 30, 1973, marked Propounders' Exhibit 2 and now offered for probate executed by Herbert M. Weston with the formalities required by law for a valid Will and Testament?

2. At the time of the signing and executing of the paper writing, did Herbert M. Weston have sufficient mental

capacity to make and execute a valid Last Will and Testament?

3. Is the paper writing dated October 30, 1973, and marked Propounders' Exhibit 2 and each and every part thereof the Last Will and Testament of Herbert M. Weston?"

The court further instructed the jury that if they should answer Yes to issues number (1) and (2), they should then answer the third issue Yes as well. The caveator assigns error to that portion of the charge asserting that G.S. 31-18.1 requires that even if the jury answers Yes to issues (1) and (2), they must still be allowed to determine whether the will has been "proven." We do not find anything in the statute which supports this contention. *In re Will of Sessoms*, 254 N.C. 369, 119 S.E. 2d 193 (1961), involved a similar challenge to a preemptive instruction. In that caveat proceeding, the court instructed the jury, "Now Gentlemen, if you answer the first issue Yes, that is, if you find from the evidence in this case . . . that the paper writing propounded . . . was executed . . . according to the formalities of law required to make a last will and testament, . . . you will then answer the second issue Yes." *Id.* at 377, 119 S.E. 2d at 198. The second issue submitted to the jury was whether the document being propounded was the last will and testament of the deceased. Overruling the caveator's assignment of error to this preemptive charge the Court stated, "Judge Paul's charge on the second issue is correct, for the reason that it necessarily follows that the second issue should be answered Yes by the jury if they answered the first issue Yes . . . ." *Id.* at 379, 119 S.E. 2d at 200. *See also In re Will of Simmons*, 268 N.C. 278, 150 S.E. 2d 439 (1966). The challenged instructions given in this case were clearly not erroneous. The jury was instructed they should answer the third issue Yes only if they first found that the deceased executed the document being propounded in accordance with the formalities required by law, and that at the time he did so he had sufficient mental capacity to make a will.

The caveator further contends that the court erred by failing to instruct the jury on the terms of G.S. 31-18.1. The caveator asserts that the jury should have been so instructed so that they could determine whether the testimony of witness Elbert Brown constituted sufficient proof of the will. Whether or not the

witness by virtue of his blindness at the time of the caveat proceeding was "unavailable", however, was a question of law to be decided by the judge. The court's instructions clearly apprised the jury of their function, which was to determine whether the testimony of the witnesses for the propounders had sufficiently proven the execution of the will in conformance with the requirements of G.S. 31-3.3. This assignment of error is without merit.

No error.

Judges HEDRICK and ARNOLD concur.