IN RE WILL OF JOHN E. CASEY.

(Filed 12 June, 1929.)

**Wills D h—Evidence in this case on question of mental capacity held competent.**

Upon the trial of the issues of *devisavit vel non* it is competent for the disinherited child of the testator to testify as to her financial condition, the fact of disinheritance, and affectionate relationship between her and the testator upon the question of the mental capacity of the testator.

CIVIL ACTION, before *McElroy, J.,* at October Term, 1928, of BUNCOMBE.

The evidence tended to show that on 6 May, 1922, John E. Casey executed a last will and testament devising all of his property to his widow for life, and after her death one-third thereof to Mollie Harris, one-third to his granddaughter, Ella Reed, and one-third to his great-granddaughter, Annie Morrow, and his great-grandson, Broadhurst Morrow. The testator died on 25 November, 1925.

The caveators are Emma Connor, the only living daughter of the testator, and J. R. Dotson, grandson, and Minnie Gregory, great-granddaughter of the deceased. Emma Connor, daughter of the deceased, received one dollar under the will of her father, and the other caveator, Minnie Gregory, received one dollar, and the caveator, Dotson, received nothing.

Appropriate issues were submitted to the jury and answered in favor of the propounders.

From judgment upon the verdict caveators appealed, assigning error.

*Galloway & Galloway and R. N. Wells for caveators.*
*Marcus Erwin and Anderson & Howell for propounders.*

BROGDEN, J. Emma Connor, one of the caveators, and the only living child of the testator, was asked the following questions:

1. "What property have you now?"

2. "Did you get anything by the last will and testament of John E. Casey?"

3. "How did your father treat you with reference to his treatment of your other sister while you were young?"

The witness answered the first question "None"; the second question "No"; and the third question, "I never had any trouble with my father."

All of these questions were objected to by the propounders and the answers of the witness were stricken out, and the caveators excepted and

assigned the ruling of the court as error. These exceptions constitute exceptions 1, 2 and 3, and present three questions of law, to wit:

1. Is the financial condition of a child excluded from the will of the father competent upon the issue of mental capacity?

The law answers this question in the affirmative. *In re Staub's Will,* 172 N. C., 138, 90 S. E., 119; *In re Hinton's Will,* 180 N. C., 206, 104 S. E., 341; *In re Stephen's Will,* 189 N. C., 267, 126 S. E., 738.

Such evidence is also competent upon the issue of undue influence. *In re Creecy,* 190 N. C., 301, 129 S. E., 822.

2. Is the disinheritance of a child competent evidence upon the question of mental capacity?

The law answers this question in the affirmative. *In re Hinton's Will,* 180 N. C., 206, 104 S. E., 341.

3. Is evidence of kindly and affectionate relationship between the testator and the members of his family competent upon the issue of mental capacity?

The law answers this question in the affirmative. *Bost v. Bost,* 87 N. C., 477; *In re Burns' Will,* 121 N. C., 336, 28 S. E., 519.

Therefore the exclusion of testimony was error, and the caveators are entitled to a

New trial.