IN THE MATTER OF THE WILL OF MRS. EVA R. BEALE.

(Filed 20 April, 1932.)

**1. Wills D h—Undue influence and fraud in the execution of a will may be shown by circumstantial evidence.**

Where the validity of a will is attacked on the grounds of undue influence and fraud such grounds may be established by circumstantial evidence, and although the unnatural disposition of his property by the testator is not alone sufficient evidence of fraud and undue influence to be submitted to the jury, where there is other sufficient circumstantial evidence, it is a competent circumstance to be considered by the jury, the probative force being for them.

**2. Same—Evidence of fraud and undue influence in execution of will held sufficient in this case to be submitted to the jury.**

Where the testatrix, being married, devised all her property to her mother and brother to the exclusion of her husband and daughter, evidence tending to show that the brother employed a lawyer to draft the paper-writing, that she thought she was signing papers relating to paving assessments, that he claimed she had conveyed the property to him which she denied, and stated several times that she wanted her daughter to have her property at her death, that her husband, named as executor in the will, did not know of such instrument until after her death, and that the brother offered the will for probate without his knowledge: is *Held*, sufficient evidence to take the case to the jury on the issue of fraud and undue influence.

**3. Trial E c—Held: instructions in this case were sufficiently full and complied with C. S., 564.**

Where upon the trial of a caveat to a will the court states the evidence in the case in a plain and correct manner and explains the law arising thereon, the instruction is a sufficient compliance with C. S., 564, and a party desiring subordinate elaboration in the charge should tender a request for special instructions.

**4. Wills D h—Failure of propounder and beneficiary, charged with fraud and undue influence, to testify is circumstance for the jury.**

Where the propounder and beneficiary of a will is charged with fraud and undue influence in its procurement, the fact that he did not take the stand as a witness may be regarded by the jury as a "pregnant circumstance" in considering the issue.

APPEAL by T. J. Meeks, propounder, from *Warlick, J.*, and a jury, at August Term, 1931, of GUILFORD. No error.

On 27 December, 1927, Mrs. Eva R. Beale, died in Guilford County, N. C., on 15 February, 1930, T. J. Meeks presented to the clerk of the Superior Court for probate a purported will in words and figures as follows:

"State of North Carolina—Rockingham County.

I, Eva R. Beale, wife of D. E. Beale, of Reidsville, N. C., do hereby make, publish and declare this my last will and testament as follows:

Item one: I give and devise my undivided interest in the house and lot located on the north side of Wentworth Street in Reidsville, N. C., adjoining the lands of W. M. Whittemore on the east, Wentworth Street on the south; G. D. Williams on the west and for a further description see deed from A. R. Troxler duly registered to my mother for and during her natural life and her death to my brother, T. J. Meeks, in fee simple forever.

Item two: I give, devise and bequeath all other property to my daughter, Emma Irene.

I hereby constitute and appoint my husband, D. E. Beale, executor of this my last will and testament.

Witness my hand and seal this 24 May, 1924.

|  |  |  |
|---|---|---|
|  | Eva R. Beale. | (Seal.) |
| Signed by two witnesses. | Mrs. D. E. Beale. | (Seal.)" |

T. J. Meeks was appointed administrator with the will annexed. D. E. Beale, the husband of Eva R. Beale, and their only child Emma Irene Beale, by her next friend, A. L. O'Shields, filed a caveat to said purported last will and testament, on the ground of fraud or undue influence.

The issue submitted to the jury and their answer thereto, is as follows: "Is the paper-writing offered for probate and every part thereof, the last will and testament of Eva R. Beale (Mrs. D. E. Beale)? Answer: No."

The following judgment was rendered in the court below: "This cause coming on to be heard upon the issue *devisavit vel non* before his Honor, Wilson Warlick, and being heard upon the issue raised by the caveat to said will, the same being as follows: (issue and answer set forth). It is therefore, considered, ordered, adjudged and decreed that the paper-writing offered for probate as the last will and testament of Eva R. Beale (Mrs. D. E. Beale) is not the last will and testament of Eva R. Beale (Mrs. D. E. Beale), and that the same is null, void and of no effect and that the said paper-writing be, and the same is hereby set aside and declared void. It is further ordered and adjudged that a copy of this judgment be certified by the clerk of the Superior Court of Guilford County to the clerk of the Superior Court of Rockingham County in which the real property mentioned in the will is located, and that the same be recorded in the office of the register of deeds of said county. It is further ordered that T. J. Meeks, *c. t. a.* file

his final account with the clerk of this court within 30 days, and that his said letters be revoked when same is filed. It is further considered, ordered and adjudged that the costs of this proceeding be paid out of the proceeds of the estate.     WILSON WARLICK, *Judge Presiding.*"

The propounder T. J. Meeks excepted and assigned error to the judgment as signed and made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*Sharp & Sharp for caveators.*
*Glidewell & Gwyn for propounder, T. J. Meeks.*

CLARKSON, J. Did the court below commit error, in refusing the motion of propounder at the close of caveator's evidence, for a directed verdict, on the ground that the evidence was insufficient to be submitted to the jury as to fraud or undue influence? We think not. Proceeding to probate writing as will is not *inter partes,* but is a proceeding *in rem. In re Brown's Will,* 194 N. C., 583.

The evidence was to the effect that D. E. Beale was the husband of Eva R. Beale. They lived in Greensboro, N. C., and had one child, Emma Irene Beale, now about 13 years of age. They had been married about 14 years. D. E. Beale and Emma Irene Beale are the caveators to the alleged will. Eva R. Beale had a brother, T. J. Meeks, the propounder to the proposed will in controversy. The mother of Eva R. Beale lived in Reidsville, N. C., and Eva R. Beale and her brother, T. J. Meeks, each owned one-half undivided interest in a house and lot on Wentworth Street in Reidsville, in which their mother lived. This was practically all her earthly possessions. She sometimes worked in Reidsville, but died in her husband's home in Greensboro.

D. E. Beale, the husband, testified, in part: "She had been dead more than a year before I ever knew or heard tell of the thing 'will' in the county. You notified me there was a will. I am named as executor in the will. I was never requested to probate that will. I don't know anything about who qualified as executor or administrator with the will annexed."

T. J. Meeks presented the will for probate. It was in evidence that T. J. Meeks went with Eva R. Beale to the attorney's office. An inference can be drawn from the evidence that Meeks paid for drafting the alleged will. Meeks did not testify on the trial.

A. L. O'Shields, testified, in part: That Eva R. Beale boarded at his house about three months, with her little girl. "She was there at

my house about two weeks I think before she died. She stated there all along that she wanted her little girl to have what she had at her death. She had some heart attacks, some smothering attacks every once in a while, very often, and each time she would have those attacks she seemed to think she was going to die. She made this request, that she wanted her child to have what she had at her death. . . . She said her brother was there the day before and she stated he had told her that she had willed or deeded her property to him and she said she hadn't. Said she hadn't said anything about that or signed any kind of paper except some papers about street paving or repairs or something of that kind. I saw the brother when he was down there the day before. . . . I guess she made the statement about her property and this little girl five or six times."

Mrs. A. L. O'Shields, testified, in part: "I heard her say she wanted Emma, her daughter, to have what she had, and she told me she had a house and lot in Reidsville. She told me one time that her brother, Jeff, that she signed some papers she thought was improvements on the street, and said her brother Jeff told her afterwards that it was a deed, a deed for the house and lot to him. . . . She told me she thought she signed a paper about the street paving; she told me that he told her it was about the street paving. On other occasions I heard her say she wanted her little girl to have her property. . . . Mr. Beale came there every week and several times each week and looked after her while she was at our house; carried her laundry and brought it back. Mr. Beale paid part of her board while she was there."

It was contended by the caveators that T. J. Meeks used fraud and undue influence on his sister, Eva R. Beale, to will her interest in her real estate to him to the exclusion of her husband and child. This was denied by the propounder.

The evidence is circumstantial, but we think the numerous facts taken together are of sufficient probative force to have been submitted to the jury on the aspect of fraud or undue influence.

In Page on Wills (2d ed.), sec. 588, at pp. 975-6, we find: "If sufficient evidence is offered upon the issue of undue influence, the question of the existence of undue influence is one of fact, for the jury, under proper instructions. Circumstantial evidence, without any direct evidence, may be sufficient to take the case to the jury."

"As said in In re Everett's Will, 153 N. C., 85: 'Experience has shown that direct proof of undue or fraudulent influence is rarely attainable, but inferences from circumstances must determine it!' It is 'generally proved by a number of facts, each one of which standing alone may have little weight, but taken collectively may satisfy a rational mind of its

existence.' It is 'said to be that degree of importunity which deprives a testator of his free agency, which is such as he is too weak to resist, and will render the instrument not his free and unconstrained act. It is closely allied to actual fraud; and, like the latter, when resorted to by an adroit and crafty person, its presence often becomes exceedingly difficult to detect. Indeed, the more skillful and cunning the accused, the more helpless and secluded the victim, the less plainly defined are the badges which usually denote it. Under such conditions, the results accomplished, the divergence of those results from the course which would ordinarily be looked for, the situation of the party taking benefits under the will towards the one who has executed it, and their antecedent relations to each other, together with all the surrounding circumstances, and the inferences legitimately deducible from them, furnish, in the absence of direct evidence, and often in the teeth of positive testimony to the contrary, ample ground for concluding that fraud or undue influence has been resorted to and successfully employed. *Grove v. Spiker,* 72 Md., 300.' 18 A. and E. Anno. Cases, 412." *In re Mueller's Will,* 170 N. C., at pp. 29-30. *In re Stephens,* 189 N. C., 267.

*Manly, J.,* in *Wright v. Howe,* 52 N. C., at p. 413 says: "It is a fraudulent influence overruling or controlling the mind of a person operated on." *McDonald v. McLendon,* 173 N. C., 172.

The very nature of fraud or undue influence makes it impossible for the law to lay down tests to determine its existence with mathematical certainty.

"Provisions of a will may be considered, in connection with other circumstances, in determining whether or not undue influence was the cause of its execution. . . . Thus the fact that a will makes an unjust or unnatural disposition of testator's estate, may be considered. . . . But the fact that a will or deed makes an unnatural or unjust disposition of testator's or grantor's estate, is not alone sufficient to establish the fact of undue influence; it is only a circumstance to be considered in connection with other proof, and an apparently unnatural disposition of property may be explained and justified." 13 Ency. of Evidence, pp. 248-60. *In re Mrs. Hardee,* 187 N. C., 381; *In re Stephens, supra; In re Will of Casey,* 197 N. C., 347.

*In re Shelton's Will,* 143 N. C., at p. 221, is the following: "It seems to be generally held that the declarations of a testator are not competent upon the question of the interpretation of the contents of his will, but as to the admissibility of declarations made by the testator upon the question of the *factum* of the will the authorities are divided. This Court seems long since to have aligned itself with those favoring the admission of such evidence, and it has been so classified by other courts.

In *Tucker v. Whitehead,* 59 Miss., 594, the Supreme Court of that state says: 'There are few questions in the law upon which authorities are more hopelessly in conflict than upon the admissibility of declarations of a deceased testator in support or in rebuttal of a supposed *revocation* of a testamentary paper. It has engaged the attention and elicited the logic of the greatest jurists who have adorned the bench of this or any country. Against the admissibility of such evidence are to be found the names of Kent, Story, and Livingston, and in favor of it those of Walworth, Ruffin, Lumpkin, and Cooley. Certainly we can hope to add nothing to the strength of an argument on either side, which has already been exhausted by such men as these.' " *In re Bailey,* 180 N. C., 30.

The propounder in his brief, in reference to the charge of the court below, says: "The definitions of undue influence and fraud are free from criticism and are supported by the decisions of our Court. The contentions of the propounder and the caveators were set forth very elaborately. The judicial mandate as to how the jury should answer the issue in the event they found that the will was procured to be executed by undue influence or by fraud was properly given (assuming that there was evidence of course upon the question)."

But the propounder contends that the court below did not comply with C. S., 564, that the court did not "state in plain and correct manner the evidence given in the case and declare and explain the law arising thereon." On the record we cannot so hold. If propounder wanted a charge more in detail, setting forth the law applicable to the facts, proper prayers for instruction should have been requested.

The court below properly charged as to the burden of proof when on propounder and caveator, to which there was no exception. *In re Will of Rowland, ante,* 373.

It may be noted that T. J. Meeks was not a witness, although charged with fraud or undue influence on his sister. We think this may be regarded as a "pregnant circumstance." *Walker v. Walker,* 201 N. C., 183. There were other facts and circumstances. On the evidence it was a question of fact for the jury to determine.

It may not be amiss, in a case of this kind, to say that there can be no reflection on an attorney who draws a will. He does not always know the motive of the parties.

For the reasons given, in the judgment of the court below there is

No error.