IN THE MATTER OF: THE WILL OF EMMA ELLIS FIELDS, DECEASED

No. 8415SC1309

(Filed 2 July 1985)

**Wills § 21.4— undue influence—evidence sufficient**

    Caveator produced sufficient evidence to establish a prima facie case of undue influence where the jury could find that Haskell Fields dominated testatrix's affairs backed by the threat of irrational rages and physical violence to the extent that testatrix even encouraged caveator, her own daughter, to placate his sexual demands; that Haskell Fields threatened to disown caveator when she refused him; and that he then did exactly that, using his control of his wife to enforce his will against her wishes. Although the jury could have reached a different result, the verdict was not so against the greater weight of the evidence as to mandate its being set aside.

APPEAL by propounder from *Battle, F. Gordon, Judge.* Judgment entered 26 July 1984 in ORANGE County Superior Court. Heard in the Court of Appeals 6 June 1985.

Testatrix Emma Fields and her husband, Haskell Fields, simultaneously executed reciprocal wills in 1965. Each spouse willed all property to the other, or, if the other spouse did not survive, to propounder, Ruby Wiley. Propounder and caveator, Nellie Wicker, were testatrix's two daughters. Haskell Fields died in March 1979. Testatrix died in August 1979. Propounder obtained letters testamentary in due course, and caveator then timely commenced these proceedings, alleging undue influence.

Caveator's evidence tended to show the following: Testatrix was 63 years old at the time the wills were executed. She was illiterate. Haskell Fields had a violent temper and people in the neighborhood feared him. He would frequently get drunk on weekends. On one occasion he beat testatrix, and also injured ca-

veator's child. Haskell Fields was seen with other women, and testatrix stopped having sexual relations with him after discovering him in bed with another woman.

Haskell Fields repeatedly tried to have sexual relations with caveator, beginning when she was 13. She refused, as a result of which Haskell Fields would beat her without mercy, including use of sticks. Testatrix did not interfere, and even encouraged caveator to submit to Haskell Fields' demands. He threatened to disown her if she did not submit. When she continued to refuse, Haskell Fields drove her out of the house. Nevertheless, caveator's relationship with testatrix remained good throughout the years.

Haskell Fields always tended to testatrix's business affairs. He made all the plans for the family, and she went wherever he went. Haskell Fields arranged to have the wills drawn up; testatrix apparently believed that the two daughters, propounder and caveator, would share equally. The wills were otherwise, however. When testatrix and Haskell Fields arrived to sign them, testatrix said, "I wish Nellie [caveator] had something." Haskell Fields replied, "The wills are just like they ought to be." Testatrix signed.

Propounder's evidence tended to show that testatrix knew the terms of the will and that she had a mind of her own. The jury found that testatrix had in fact executed the will, but that the execution was procured by undue influence. The jury answered the *devisavit vel non* issue "No." From judgment entered accordingly, propounder appealed.

*Cheshire & Parker, by Lucius M. Cheshire, for propounder appellant.*

*Long & Long, by Lunsford Long, for caveator appellee.*

WELLS, Judge.

The decisive question brought forward on appeal is whether the court erred in denying propounder's motions for directed verdict and for judgment notwithstanding the verdict. We apply the same evidentiary test to both motions. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973). We consider the evidence in the light most favorable to the caveator, deeming her evidence to be

true, resolving all conflicts in her favor, and giving her the benefit of every reasonable favorable inference. *In re Andrews*, 299 N.C. 52, 261 S.E. 2d 198 (1980). Even where there are contradictions and conflicts in the evidence, the case should go to the jury on sufficient evidence. *Id.*

To prove undue influence, once propounder has shown due execution, caveator must show more than mere influence or persuasion. She must show some sufficient controlling force to destroy the free agency of the testatrix, such as to make the will properly the expression of the wishes of another, not testatrix. *Id.; In re Will of Kemp*, 234 N.C. 495, 67 S.E. 2d 672 (1951). Caveator ordinarily must rely on circumstantial evidence and inferences therefrom, *In re Andrews, supra,* particularly when as here testatrix was apparently a homemaker with little independent daily contact with the community.

Our supreme court has enumerated certain factors which are probative on the issue of undue influence. *Id.* Propounders rely heavily on this list. However, that court also recognized that the impossibility of setting forth all the various combinations of factors which make out a case of undue influence. The very nature of undue influence prevents the court from establishing precise tests by which to determine its existence. *Id.* It is the collective effect of the circumstances, and whether these would satisfy a rational mind of the existence of undue influence, that is determinative. *Id.*

We are persuaded that caveator produced sufficient evidence to establish a *prima facie* case of undue influence. The jury could find that Haskell Fields dominated testatrix's affairs, backed by the threat of irrational rages and physical violence, to the extent that testatrix even encouraged her own daughter to placate his sexual demands. The jury could find that Haskell Fields threatened to disown caveator when she refused him, and that he then did exactly that, using his control of his wife to enforce his will against her wishes. As in *Andrews*, the jury could have reached a different result, but the verdict reached was not so against the greater weight of the evidence to mandate its being set aside. *See In re Will of Hodgin*, 10 N.C. App. 492, 179 S.E. 2d 126 (1971).

In a separate argument, propounder contends that the trial court erred in denying her motion for a new trial on the issue of

*devisavit vel non.* Our decision has settled this issue, in caveator's favor. This assignment is overruled.

No error.

Judges JOHNSON and COZORT concur.