IN THE MATTER OF THE WILL OF MABEL W. DUPREE

No. 8511SC1043

(Filed 6 May 1986)

**Wills § 21.4— undue influence—evidence sufficient**

 The trial court properly denied the propounders' motions for a directed verdict where caveators produced sufficient evidence to establish a *prima facie* case of undue influence in that the testatrix had been hospitalized, was depressed, confused and not mentally clear in the days immediately preceding and following the making of her fourth and last will; she was physically and mentally incapable of managing her own affairs; she was "totally out of her head," "grasping at objects in the air," "living in the past," disoriented and paranoid; the propounders, the Clines, were with the testatrix constantly in her final weeks, moving into her home and not allowing others to be alone with her; the testatrix was very dependent on the propounders, especially on

---

**In re Will of Dupree**

---

Ruth Cline, who would often do the testatrix's talking for her; the Clines did not notify some of the testatrix's closest neighbors and relatives of her illnesses or hospitalizations and discouraged others from visiting her; the Clines took the testatrix to an attorney other than the attorney who had handled the legal affairs of the Duprees for many years; caveators had been named as beneficiaries ever since testatrix first made a will but were not in the final will; and there was no evidence that anything had ever happened to change or damage testatrix's good relationship with either of them.

APPEAL by propounder from *W. F. Bowen, Judge.* Judgment entered 15 October 1984 in Superior Court, LEE County. Heard in the Court of Appeals 7 February 1986.

*Bryan, Jones, Johnson & Snow, by Robert C. Bryan, for propounder appellants.*

*Love & Wicker, P.A., by Jimmy L. Love, for caveator appellees.*

BECTON, Judge.

This case involves the purported last will and testament of Mrs. Mabel Dupree, who died on 25 July 1982. The propounders of this will, dated 4 June 1982, are Ruth Cline and her husband, Herman Cline, nephew of Mrs. Dupree's deceased husband, William Dupree. The caveators are Larry Woodell, also a nephew of Mr. Dupree, and Steve Dupree, Mr. Dupree's brother.

I

Mrs. Dupree was seventy-two years of age when she died. She had no children. William Dupree had died in 1973, leaving an estate in excess of two hundred thousand dollars ($200,000.00). In the nine years before her death, Mrs. Dupree had executed at least four wills. Three of them were prepared by attorney Kenneth Hoyle. The beneficiaries of the first three wills and the percentages of the inheritances are set out below:

First Will (1973)

| | |
|---|---|
| The Wickers (Mrs. Dupree's relatives) | approx. 33⅓% |
| The Clines | approx. 33⅓% |
| Steve Dupree | approx. 16¾% |
| Larry Woodell | approx. 16¾% |

Second Will (1974)

| | |
|---|---|
| The Clines | 70% |
| Larry Woodell | 20% |
| Steve Dupree | 10% |

Third Will (1978)

| | |
|---|---|
| The Clines | 70% |
| Larry Woodell | 20% |
| Steve Dupree | 10% |
| The Clines | Home worth $47,789.00 |

The fourth will, which is the object of this dispute, was prepared by attorney W. W. Seymour in 1982, and purported to devise 100% of her estate to the Clines.

A Lee County jury found that the deceased had sufficient mental capacity to execute a will, but that the fourth will had been procured by undue influence and was therefore not the last will and testament of Mrs. Dupree.

The Clines raise one question on appeal—whether there was sufficient evidence to present the issue of undue influence to the jury. We find that there was, and we affirm the judgment entered according to the jury's verdict.

## II

The Clines assign error to the trial court's denial of their motions for a directed verdict at the close of the caveators' evidence and again at the close of all the evidence.

In determining whether caveators have made out a *prima facie* case sufficient to withstand a motion for a directed verdict, the evidence must be viewed in the light most favorable to caveators, deeming their evidence to be true, resolving all conflicts in their favor, and giving them the benefit of every reasonable favorable inference. *See In re Andrews*, 299 N.C. 52, 261 S.E. 2d 198 (1980); *In re Will of Fields*, 75 N.C. App. 649, 650-51, 331 S.E. 2d 193, 194 (1985).

Undue influence is the substitution of the mind of the person exercising the influence for the mind of the one executing the instrument, causing her to make a will which she otherwise would

not have made. *See Hardee v. Hardee*, 309 N.C. 753, 756, 309 S.E. 2d 243, 245 (1983). To prove undue influence, the caveators must show more than mere influence or persuasion. They must show some controlling force sufficient to destroy the free agency of the testatrix, such as to make the will properly the expression of the wishes of one other than the testatrix. *See In re Fields*, 75 N.C. App. at 651, 331 S.E. 2d at 194.

Although the North Carolina Supreme Court has enumerated certain factors which may be probative on the issue of undue influence, the very nature of undue influence prevents a court from establishing precise tests by which to determine its existence. *Id.*; *see also Hardee*, 309 N.C. at 756-57, 309 S.E. 2d at 245 (listing seven factors which bear on the question of undue influence). Therefore, caveators must ordinarily rely on circumstantial evidence and the inferences which may be drawn from it. *See Andrews*, 299 N.C. at 54, 261 S.E. 2d at 199.

The caveators in this case produced sufficient evidence to establish a *prima facie* case of undue influence. Caveators' evidence tended to show that in the days immediately preceding and following the making of the fourth will, Mrs. Dupree had been hospitalized, was depressed, confused and not mentally clear; that she was physically and mentally incapable of managing her own affairs; and that she was "totally out of her head," "grasping at objects in the air," "living in the past," disoriented and paranoid.

Caveators' evidence was also that the Clines were with Mrs. Dupree constantly in her final weeks, moving into her home and not allowing others to be alone with her. Mrs. Dupree was very dependent on the Clines, especially on Ruth Cline, who would often do Mrs. Dupree's talking for her. The Clines did not notify some of Mrs. Dupree's closest neighbors and relatives of her illnesses or hospitalizations and discouraged others from visiting her.

Further, the Clines took Mrs. Dupree to attorney Seymour to make the fourth will, even though they knew that attorney Hoyle had handled the legal affairs for William and Mabel Dupree for many years. Mr. Seymour had done no legal work for the Duprees for twenty years prior to the making of the fourth will. Mr. Seymour testified that he had not been aware of Mrs. Dupree's deteriorating physical and mental condition in the days and weeks

prior to the making of the fourth will. Had he known that she was having delusions about her doctor and Mr. Hoyle wanting to steal her money and put her in a nursing home, he would have inquired further into her mental state.

Moreover, Larry Woodell and Steve Dupree had been named as beneficiaries ever since Mrs. Dupree first made a will in 1973. There is no evidence that anything had ever happened to change or damage Mrs. Dupree's good relationship with either of them.

We have outlined only some of the evidence on which caveators relied. Although propounders produced some contradictory evidence, caveators' evidence was sufficient to go to the jury, and the verdict was not so against the greater weight of the evidence as to require its being set aside. *See In re Fields*, 75 N.C. App. at 651, 331 S.E. 2d at 194.

No error.

Judges JOHNSON and MARTIN concur.