IN THE MATTER OF THE WILL OF: JESSIE P. EVERHART, Deceased

No. 8722SC681

(Filed 2 February 1988)

1. Wills § 21.4— undue influence—evidence sufficient

The evidence was sufficient to submit the issue of undue influence to the jury where there was evidence that for a period of at least four to six years before the execution of the 1985 will, the testator had told friends and relatives of his intention to give his property to Robert Farris and his son, the beneficiaries of the 1985 will, if Robert moved to the neighborhood and helped care for the testator and his wife; there was testimony that Robert Farris did move to the neighborhood, visited the testator often to help with work around the farm and in the house, and that one caveator, Everett Everhart, lived nearby but did not visit often or help take care of testator, and that James Everhart, the other caveator, had not visited the testator for several years; one of testator's nieces testified that his mental and physical capacity underwent a constant gradual downhill grade; the 1985 will was drafted by an attorney who had done legal work for the testator in the past and had discussed

with the testator his desire to leave his property to the Farris family; the 1986 will was drafted by an attorney who did not know the testator but had done work for Everett Everhart and his wife, Thelma; a lifelong friend of testator testified that the testator had said that Thelma Everhart had invited the testator to visit the mountains, that testator had told the friend he had to go back to the mountains to sign something, and the testator subsequently did not know what he had signed because Thelma had promised to tell him but had not done so.

**2. Wills § 20— caveat proceeding—contested will properly admitted**

A contested will was properly admitted into evidence in a caveat proceeding even though neither the two witnesses nor the notary specifically remembered an oath being administered where each of the witnesses identified the paper writing before the court as the will which he had witnessed; each of the witnesses testified that the testator signed the will in his presence and in the presence of the other witnesses; each witness signed the will in the testator's presence and in the presence of each other; the notary public corroborated the witnesses' testimony; the notary testified that she read the will to the testator and that he acknowledged it to be his will; and, although one witness could not recall whether the will was read to the testator, the other witness was the attorney who drafted the will and recalled that he explained the terms of the will to the testator and that the notary read the will to the testator before it was signed. N.C.G.S. § 31-18.1(a)(1).

APPEAL from *Davis, Judge.* Judgment entered 20 May 1987 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 4 January 1988.

Jessie P. Everhart died on 9 December 1986. On 10 December 1986, a will dated 10 May 1985 was filed for probate in Davidson County. The beneficiaries of the 1985 will were Robert M. Farris, the testator's great-nephew, and Robert's minor son, Max Ramsey Farris. On 11 December 1986, a will dated 5 June 1986 was filed in Davidson County. Two of the testator's nephews, William Everett Everhart and James D. Everhart, were the beneficiaries of the 1986 will. On 12 January 1987, the Everharts filed a caveat to the 1985 will requesting a jury trial on the issue of *devisavit vel non.* In response to the caveat, the Farrises alleged the 1986 will was procured through fraud, undue influence and duress.

Robert Farris was appointed guardian *ad litem* for his son, and a jury trial was held. The jury found the 1986 will was procured through undue influence and the 1985 will was the testator's last will. A judgment was entered declaring the 1986 will null and void and the 1985 will the last will of the testator. The Everharts appealed.

*Theodore M. Molitoris for caveators-appellants.*

*Wilson, Biesecker, Tripp & Sink, by Joe E. Biesecker, for propounders-appellees.*

SMITH, Judge.

Appellants bring forward three assignments of error. First, they contend the trial court erred in submitting to the jury the issue of undue influence in the execution of the 1986 will. Second, they assign error to the entry of judgment on the jury's finding of undue influence. Finally, they contend the 1985 will was not properly authenticated and the trial court erred by admitting it into evidence. We have examined each assignment of error and find no prejudicial error in the trial below.

Appellants' first two assignments of error relate to the issue of undue influence in the execution of the 1986 will. At the close of the evidence, appellants' motion for a directed verdict on the issue of undue influence was denied. Following the jury finding of undue influence in the execution of the 1986 will, appellants' motion for judgment notwithstanding the verdict was also denied. Appellants assign error contending there was insufficient evidence of undue influence either to submit the issue to the jury or to enter judgment on the jury's finding. We disagree.

In reviewing the trial court's rulings on appellants' motions, we must consider the evidence "in the light most favorable to the [appellees], deeming their evidence to be true, resolving all conflicts in their favor, and giving them the benefit of every reasonable inference." *In re Will of Dupree*, 80 N.C. App. 519, 521, 343 S.E. 2d 9, 10 (1986); *In re Will of Fields*, 75 N.C. App. 649, 331 S.E. 2d 193 (1985). Direct proof of undue influence is not necessary and is rarely available; circumstantial evidence may be considered. *In re Will of Beale*, 202 N.C. 618, 163 S.E. 684 (1932). In fact, "[t]he more adroit and cunning the person exercising the influence, the more difficult it is to detect the badges of undue influence and to prove that it existed." *In re Andrews*, 299 N.C. 52, 54, 261 S.E. 2d 198, 199-200 (1980). To prove undue influence in the execution of the 1986 will, the burden is on the appellees to "show more than mere influence or persuasion. They must show some controlling force sufficient to destroy the free agency of the [testator], such as to make the will properly the expression of the

wishes of one other than the [testator]." *Dupree*, 80 N.C. App. at 522, 343 S.E. 2d at 10. *Accord Fields, supra.*

Our Supreme Court has listed several factors relevant to a determination of undue influence:

1. Old age and physical and mental weakness.

2. That the person signing the paper is in the home of the beneficiary and subject to his constant association and supervision.

3. That others have little or no opportunity to see him.

4. That the will is different from and revokes a prior will.

5. That it is made in favor of one with whom there are no ties of blood.

6. That it disinherits the natural objects of his bounty.

7. That the beneficiary has procured its execution.

*In re Will of Mueller*, 170 N.C. 28, 30, 86 S.E. 719, 720 (1915). Undue influence is proved by looking at " 'a number of facts, each of which standing alone may have little weight, but taken collectively may satisfy a rational mind of its existence.' " *Id.* at 29, 86 S.E. at 719, *quoting In re Will of Everett*, 153 N.C. 83, 87, 68 S.E. 924, 925 (1910). *Accord Andrews, supra.*

[1]   In the present case, the evidence was sufficient to submit the issue of undue influence to the jury. Appellees presented evidence that for a period of at least four to six years before the execution of the 1985 will the testator had told friends and relatives of his intention to give his property to Robert Farris and his son, Max Ramsey Farris, the beneficiaries of the 1985 will, if Robert moved to the neighborhood and helped care for the testator and his wife. There was testimony that Robert Farris did move to the neighborhood and that he and his wife visited the testator often to help with work around the farm and in the house. There was also testimony that although Everett Everhart lived nearby he did not visit often or help take care of the testator in the period before the testator's death. According to one witness, James Everhart had not visited the testator for several years.

One of testator's nieces testified that his mental capacity and physical ability underwent "a gradual, downhill grade constantly"

from the time his wife died in April 1986 until his death in December. The 1985 will was drafted by attorney Jerry Peace, the ex-husband of testator's great-niece, who had done legal work for the testator in the past and had discussed with the testator his desire to leave his property to the Farris family. The 1986 will was drafted by an attorney who did not know the testator but who had done legal work for Everett Everhart and his wife, Thelma. The testator's lifelong friend, Samuel Howard Shoaf, testified that he and the testator discussed the execution of the 1986 will. The testator told Shoaf that Thelma Everhart had invited the testator to visit the mountains. Afterwards, the testator told Shoaf he had to go back to the mountains and sign something. After the second trip, the testator did not know what he had signed; Thelma had promised to tell him what he was signing but had not done so. Appellees' evidence, if believed, is sufficient to allow the court to submit the issue of undue influence in the execution of the 1986 will to the jury and to support the jury's finding. In this case, "the jury could have reached a different result, but the verdict reached was not so against the greater weight of the evidence to mandate its being set aside." *Fields*, 75 N.C. App. at 651, 331 S.E. 2d at 194. Appellants' first two assignments of error are overruled.

[2] Appellants' final assignment of error is that the trial court erred by admitting the 1985 will into evidence. Appellant contends that because neither of the two witnesses nor the notary specifically remembers an oath being administered, the 1985 will was not properly proved as required by G.S. 31-18.1. We disagree. For a will to be admitted to probate, G.S. 31-18.1(a)(1) requires that the will meet the requirements of G.S. 31-3.3 and that two of the attesting witnesses testify before the court. Each of the witnesses to the 1985 will identified the paper writing before the court as the will which he witnessed. Each of the witnesses further testified that the testator signed the will in his presence and in the presence of the other witness and that each of them signed the will in the testator's presence and in the presence of each other. The notary public present at the execution corroborated the witnesses' testimony. She also testified that she read the will to the testator and that he acknowledged it to be his will. One witness could not recall whether the will was read to the testator, but the other witness, attorney Jerry Peace, recalled that he ex-

plained the terms of the will to the testator and that the notary read the will to the testator before it was signed. Thus, the 1985 will meets the requirements of G.S. 31-18.1(a)(1) and was properly admitted. This assignment of error is overruled.

No error.

Judges ARNOLD and WELLS concur.